DONOHO v. THE VULCAN IRON WORKS *et al.*, *Appellants.*

1. **Municipal Corporation:** DEFECTIVE STREETS: INFANCY. A city cannot escape liability for injuries sustained by a boy in one of its public streets through its negligence, by showing that the boy was playing in the street and not traveling on it.

2. **Infancy:** CONTRIBUTORY NEGLIGENCE. The youth and lack of discretion of an infant plaintiff are matters to be considered by the jury in determining the question of contributory negligence.

3. **St. Louis:** LIABILITY FOR IMPUTED NEGLIGENCE: PROPER PARTIES UNDER THE CHARTER OF 1876. Section 9 of article 16 of the present charter of the city of St. Louis, rightly construed, means that where the city is liable to an action on account of the negligence or wrongful act of another who is also liable to an action for the same injury, the city and such other person must be joined as defendants, and

26—75

| 75 | 401 |
| 52a | 600 |
| 75 | 401 |
| 135 | 568 |
| 75 | 401 |
| 74a | 145 |
| 75 | 401 |
| 149 | 129 |
| 75 | 401 |
| 161 | 424 |
| 75 | 401 |
| 174 | 3278 |
| d175 | 1417 |

there can be no judgment against the city unless judgment be also rendered against the other person who is also liable. But if a person be joined as defendant with the city who is found upon a trial not to be liable to an action by the plaintiff, this will not prevent a recovery against the city if the case be one in which an action could have been maintained against the city alone before the adoption of the charter.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for the city of St. Louis, appellant.

Plaintiff was not entitled to recover because, at the time he received the injury, he was using the street only as a play ground. *Stinson v. Gardiner*, 42 Me. 248; *Blodgett v Boston*, 8 Allen 237; 2 Dillon Munic. Corp., (3 Ed.) §§ 1000, 1001, 1002. The obligation esting upon the city is filled if the streets are reasonably safe for travel—not for play or for any other purpose, but solely for travel. *Blake v. St. Louis*, 40 Mo. 569; *Smith v. St. Joseph*, 45 Mo. 449; *Bowie v. Kansas City*, 51 Mo. 454; *Barrett v. St. Joseph*, 53 Mo. 290; *Brown v. Glasgow*, 57 Mo. 156; *Craig v. Sedalia*, 63 Mo. 417.

*Cline, Jamison & Day* for the Vulcan Iron Works, appellant.

The jury having found the Vulcan Iron Works not guilty of negligence could not do otherwise than find for the city. Charter, art. 16, § 9.

*A. R. Taylor* for respondent.

The chief vice of the instructions given for the defendant, the Vulcan Iron Works, is, that they ignore entirely the capacity of the plaintiff, a child, and charges him with the same degree of care and prudence as an

.adult. *Kempinger v. R'y Co.*, 3 Mo. App. 681; *Boland v. R. R. Co.*, 36 Mo. 484; *O'Flaherty v. R. R. Co.*, 45 Mo. 70; Wharton on Negligence, § 310; *R. R. Co. v. Gladman*, 15 Wall. 401; *R. R. Co. v. Stout*, 17 Wall. 657. The instruction given at the instance of the city, that if plaintiff was on the street at the time of the injury, for amusement or pastime, that fact bars a recovery, was error. This is New England Town Law, and is statutory and barbarous. Wharton on Negligence, § 991; *Blodgett v. Boston*, 8 Allen 257; Wharton Neg., § 957; Dillon on Munic. Corp., (2 Ed.) § 785. New England towns have been held to be affected with no common law liability as to their highways. Wharton Neg., 266. A municipal corporation having full power to remove a nuisance and neglecting to do so, is liable for injuries caused thereby. Wharton Neg., § 265; Dillon on Munic. Corp., (2 Ed.) § 798; Cooley on Torts, p. 625; *Jones v. New Haven*, 34 Conn. 1; *Norristown v. Moyer*, 67 Pa. St. 355. A city by accepting a charter empowering it to keep its streets in repair, is liable to parties injured through its negligence in keeping up repairs. Wharton Neg., § 959.

Hough, J.—This is an action for damages for personal injury received by the plaintiff from the falling of a bank of earth upon him in Clay street, in the city of St. Louis. The bank of earth was created by excavation and removal of sand and dirt by the Vulcan Iron Works, during a period of several years, of which the city had notice.

The plaintiff's testimony tended to show that Clay street was one of the principal streets in that quarter of the city in which it was located, that it was used for travel, and was necessary for the convenience of the public; that on the day before the plaintiff was injured, the servants of the Vulcan Iron Works dug into the bank and removed sand and dirt therefrom, and left the bank undermined and in such condition that it was thereby caused to fall; that at the time of the injury the plaintiff, being then eleven

years of age, was on an errand for his mother, and stopped to watch some boys who were playing at the bank, and while looking on, but not participating in the play, the bank fell, killing one boy and seriously injuring the plaintiff. The testimony for the defendants tended to show that the bank was caused to fall by the act of the plaintiff and other boys, who were at play, digging into it; that the plaintiff was not at the time using the street for the purpose of travel, but as a play ground and for purposes of amusement; that the street was in its natural condition and had never been graded, improved or repaired, and could not be used for vehicles, and that plaintiff had long lived in the vicinity of the bank, knew its condition and had been in the habit of playing there. There was a verdict and judgment for both defendants.

The court of appeals reversed the judgment of the circuit court, for error committed in giving the following 1. MUNICIPAL COR-PORATION: defect-ive streets: infancy. instruction: "If the jury believe from the evidence that plaintiff, Donoho, at the time he received the injuries complained of, was in company with other boys using Clay street for the purpose of playing or amusing themselves thereon and not for the purpose of passing over or traveling on said street, then, notwithstanding he was injured, he cannot recover against the city of St. Louis." The opinion of the court of appeals is reported in 7 Mo. App. 447, and for the reasons there given we are of opinion that its judgment should be affirmed.

We are further of opinion that the following instruction, asked by the plaintiff, should have been given: "The 2. INFANCY: con-tributory negli-gence. court instructs the jury that, in considering the question as to whether or not plaintiff contributed by his own act to cause the injury to himself mentioned in the petition, they should take into consideration his age and discretion, and if the jury find from the evidence that plaintiff was of the age of eleven years, and did not possess the discretion of an adult or grown person

at the time of the injury, then the jury should consider these facts in determining whether or not plaintiff was guilty of contributory negligence at the time of said injury that contributed to cause said injury." The instruction was a proper and necessary qualification of the following instruction which was given at the request of the defendant, the Vulcan Iron Works: "Even though the jury should find from the evidence that the employes of the Vulcan Iron Works left the bank in question in a dangerous or insecure condition, and should further find, that while in that condition, the plaintiff and his companions dug into and weakened its support, and thereby contributed to the immediate cause of its fall, the plaintiff cannot recover."

As the case is to be retried it may be well to observe, that we do not construe the 9th section of article 16 of the city charter of St. Louis, adopted in 1876, as it appears to be construed by the counsel for the plaintiff and for the defendant, the Vulcan Iron Works. We understand this section to mean, that when the city is liable to an action on account of the negligence or wrongful act of another, who is also liable to an action for the same injury, the city and such other person must be joined as defendants, and there can be no judgment against the city, unless judgment be also rendered against such other person, who is also liable. But if a person be joined as defendant with the city, who is found upon a trial not to be liable to an action by the plaintiff, this will not prevent a recovery against the city, if the case be one in which an action could have been maintained against the city alone, before the adoption of the section referred to. The purpose of this section doubtless is to prevent circuity of action and a multiplicity of suits and their attendant evils, in those cases where the city can be held liable for the wrongful or negligent acts of others who are primarily liable, and who would in turn

*3. ST. LOUIS: liability for imputed negligence: proper parties under the charter of 1876*

be liable over to the city. The judgment of the court of appeals will be affirmed, and the cause remanded to the circuit court for a new trial. The other judges concur.