WIGGIN v. ST. LOUIS, *Appellant.*

Division One, November 11, 1896.

1. **Municipal Corporation**: DEFECTIVE SIDEWALK: NEGLIGENCE. A pedestrian is not, as a matter of law, guilty of contributory negligence in walking upon two boards, twenty inches wide, placed over an excavation in the sidewalk next to a building, in the wall of which there was an opening, through which opening he fell into an excavation inside the building, the remainder of the sidewalk being muddy and covered in places with ice, and it not being disclosed that the pedestrian was aware of his dangerous situation when he stepped on the plank.

2. ———: DEFECTIVE STREET: NEGLIGENCE. It is the duty of a city to keep its streets in a reasonably safe condition for travel, and if a traveler is injured by neglect of this duty while himself using proper care, it is liable for the damages resulting therefrom.

3. ———: ———: ———. A street which has a deep unprotected excavation along the line of its sidewalk is not in a reasonably safe condition for travel.

4. ———: ———: ———: INDEPENDENT CONTRACTOR. The fact that a building is being constructed by an independent contractor does not exempt the owner from liability for injuries to pedestrians arising from the neglect of the contractor to guard excavations adjacent to the sidewalk and required to be made by the contract for the building.

5. ———: ST. LOUIS CITY CHARTER: NEGLIGENCE. Under the provisions of the charter of the city of St. Louis requiring, in actions against the city for injuries caused by the negligence of any person primarily responsible to plaintiff for the injuries, such person to be made a party defendant and the execution to be first levied on his property, a judgment in favor of such person so primarily liable would, as between himself and the city, be conclusive as to his primary liability, and therefore the city may, on appeal, assail the judgment so far as it affects such person's lack of liability.

6. ———: ———: ———: APPELLATE PRACTICE. A reversal of such judgment against the codefendant primarily liable, on appeal by the city, would not affect plaintiff's judgment against the latter but would only have the effect of relieving the city of the bar of the judgment and of restoring its right to an action against its codefendant as being primarily liable for plaintiff's injuries.

*Appeal from St. Louis City Circuit Court.*—Hon. D. D. Fisher, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*W. C. Marshall* for the city of St. Louis, appellant.

(1) The circuit court erred in refusing to give the instruction for a nonsuit offered by the city, both at the close of plaintiff's case and at the close of all the evidence in the case. The evidence is uncontradicted that at the close of business hours on the same evening the excavation was properly guarded and covered, and there is absolutely no evidence in the case that any of these safeguards were insufficient or had been removed, but whether they were removed or not it was not with the sanction or knowledge of the city. *Myers v. City of Kansas*, 108 Mo. 487; *Ball v. Independence*, 41 Mo.

App. 469. (2) Plaintiff admits that he saw the danger, if there was any, of passing along the sidewalk at this point, and of stepping on the covering over the excavation and in going near the opening in the north wall of the building, and admits that he could have safely passed the point by walking in the street or by taking the sidewalk on the opposite side of the street. Knowing this he took all the risks incident to walking on that part of the sidewalk, and is wanting in due care and the circuit court should have so declared as a matter of law. *Cohn v. Kansas City*, 108 Mo. 387. (3) The excavation which is alleged to have been the negligent cause of plaintiff's injuries was made by Mrs. Marshall, the owner of the property, or her agent. Primarily, therefore, Mrs. Marshall and her agent are responsible, and under section 9, of article 16, of the charter of the city of St. Louis, there can be no judgment against the city unless there is also a judgment for a like amount against them. (4) Counsel for plaintiff seek to avoid this conclusion by contending that as Mrs. Marshall had made a contract with Wittman to build the house, such independent contractor became alone liable. The court erroneously adopted this view. The law is that the principle of *respondeat superior* does not apply to cases of independent contracts, where the superior exercised no control over the manner of doing the work under contract, but this doctrine "does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed." 2 Dillon, Mun. Corp., sec. 1029; *Robbins v. Chicago*, 4 Wall. 657; *Water Co. v. Ware*, 16 Wall. 566; *Brusso v. Buffalo*, 90 N. Y. 679. (5) The court erred in giving instructions asked by plaintiff.

*Charles F. Joy*, *B. D. Kribben*, and *C. M. Napton* for respondent.

(1) Appellant urges that plaintiff might have taken to the street and that he "took the risk" of walking on the planks. This can not be so when he did the most natural thing for a sensible person to do under the circumstances. *Halpin v. Kansas City*, 76 Mo. 335; *Squires v. Chillicothe*, 89 Mo. 226; *Bassett v. St. Joseph*, 53 Mo. 290; *Brennan v. St. Louis*, 92 Mo. 482; *Taubman v. Lexington*, 25 Mo. App. 218. (2) Whether the given street is in such a safe condition is a practical question to be determined by the jury in each case. (3) There is no evidence that any third person had removed any safeguards placed there by the contractors, hence *Meyers v. Kansas City*, 108 Mo. 480, and *Ball v. Independence*, 41 Mo. App. 469, cited by appellant, are not in point. (4) The action of the court in releasing Marshall from liability is approved by the following authorities: *Lancaster v. Ins. Co.*, 92 Mo. 460; *Westliche Post v. Allen*, 26 Mo. App. 181; 29 Am. Law Rev., p. 229, *et seq.* (5) But it is immaterial whether the court erred in releasing the owner Marshall or not. If it was error, it was error of which plaintiff alone could complain. Defendant, the city, lost nothing by the action of the court. There is no such community of proprietorship in a tort as to force a person to sue all those guilty of it. There is no "divinity which doth hedge" a municipal corporation and enable it to evade liability for its torts because some one else also liable is not sued with it. But the point has expressly been decided against the city in the case of *Norton v. St. Louis*, 97 Mo. 537; *City v. Life Ins. Co.*, 107 Mo. 92.

MACFARLANE, J.—The action is to recover damages for bodily injuries received by plaintiff by reason of falling into an excavation on Easton avenue.

One Angelina Marshall was the owner of a lot on said avenue on which one W. H. Wittman, as contractor, was constructing a house for her. At the time of plaintiff's injury the walls of the house, which abutted on the street, had been completed. An excavation about six or seven feet in length, seven feet in depth, and extending out in the street about two feet, had been constructed for the purpose of making a way into the basement. Along this excavation the wall of the building had been left open with a view of putting in a bay window. The walls of the excavation had been built of stone and came above the surface of the ground for five to twelve inches. The space left for a sidewalk was about fifteen feet wide. Mud and ice had accumulated between the curbing and the wall of the excavation.

On the afternoon of March 4, 1893, before Wittman, the contractor, left the building, he covered this excavation with two planks ten inches wide and two inches thick, and put a like plank on edge next the opening in the wall. Plaintiff in passing along the street that evening after dark, in order to avoid the mud and ice, stepped upon these planks and while walking along them stumbled or slipped and fell through the opening in the wall to the floor of the basement, by which he was bruised and otherwise injured, and was confined to his room six days, and was not able to work for fifteen days.

The suit was against the lot owner and her husband, the contractor, and the city of St. Louis.

The petition, after stating the facts, charged that: "all the defendants so carelessly and negligently con-

ducted themselves in reference to the said excavation, that the same was left unguarded, uncovered, open, and without sufficient barriers to prevent persons passing by from falling into the same; and that plaintiff, while lawfully and properly passing along said sidewalk and street, and by reason of the negligence aforesaid, fell, and was precipitated into said excavation and was thereby wounded, bruised, maimed, and permanently injured, to his damage in the said sum of $5,000."

The answer of the city of St. Louis was a general denial and contributory negligence.

The answer of Mrs. Marshall and husband was a general denial, a plea of contributory negligence, and a special plea to the effect that the contract for the work was let to Wittman, who was an independent contractor, and they were not responsible for his negligence.

Defendant Wittman made default.

After the introduction of all the evidence the court directed a verdict in favor of defendants Marshall and her husband. The court refused to direct a verdict for the city of St. Louis, though requested. The case was submitted to the jury on instructions, and a verdict for plaintiff for $750 was returned, upon which a judgment was rendered, and defendant, the city of St. Louis, appealed.

I. Was the demurrer to the evidence properly overruled as to the city of St. Louis? It is insisted that the ruling of the court was improper, and a nonsuit should have been ordered for the reason that the evidence shows conclusively that the negligence of plaintiff directly and proximately contributed to his injury. A consideration of this question requires a more detailed statement of the evidence.

The sidewalk along that side of the street, that is, the space between the curb line and the building line,

was fifteen feet in width. A plank walk, the width of which is not shown, extended up to the lot in question. No sidewalk of any kind was in front of the lot. The ground was muddy and partly covered with ice. The street outside the curb line was open and unobstructed, but whether paved or otherwise improved, does not appear. An electric arc light was hung on each side of the lot about three hundred feet distant from it. When plaintiff reached the lot he was able to see the mud and ice on the street and the two planks lying next the wall of the building. It may also be fairly inferred that he could and did see the opening in the wall. There is no evidence that he saw, or by reasonable care ought to have seen, the excavation inside the building line or the danger of making a misstep while walking on the plank.

It is true plaintiff could have walked out in the street, or through the mud and over the ice, but it was not conclusively negligence for him to choose rather to walk upon the plank which naturally appeared to him to have been placed there for that purpose. He was ignorant of the locality and had no knowledge that the planks had been placed on the sidewalk space for the purpose of covering a dangerous excavation, except what he might have inferred from the fact that they were there. Had he walked on the ice and fallen, we might as reasonably inquire why he did not walk upon the plank which appeared to afford a safe way.

It is true it does not clearly appear, indeed, plaintiff himself does not know, how he came to fall from the plank. He says: "There seemed to be an open space in front where it was cut out. It came out and projected from the building and there were two boards to cover this that projected, and in order to keep out of the mud I had to step up probably five or six inches to get up onto those boards, and in making that step,

about the second step that I made, I stumbled in some way, and tumbled over into this building from the boards."

It can not be said as a matter of law that plaintiff was negligent in undertaking to walk on these boards which made a walk twenty inches wide, but in doing so he took upon himself the risk of injury from any cause which was apparent to him at the time. But it does not appear that he knew that along one side of the plank there was an excavation seven feet deep into which, by a misstep, he might be precipitated.

The burden was on defendant to prove contributory negligence, and the proof was not so conclusive as to justify the court in taking the question from the jury. If plaintiff was aware of all the dangers to which he exposed himself when he went upon the plank, his injuries would properly be attributable to his own negligence, though defendant had negligently permitted the excavation to be left unguarded. *Cohn v. Kansas City*, 108 Mo. 393.

It is true plaintiff in his evidence detailed with some particularity the condition of the boards, the excavation in the street, the opening in the wall, and the excavation under the building, but it seems much of this information was acquired after he had fallen and in his attempt to get out. We find nothing in his evidence, taking it altogether, from which it conclusively appears that he knew of the dangerous situation when he stepped upon the plank.

II. At the request of plaintiff the court gave to the jury this instruction:

"If you believe from the evidence that the sidewalk on Easton avenue, at or near the point mentioned in the petition, was in an unsafe and dangerous condition, by reason of the excavation and opening in question and the condition in which they were main-

tained and that the defendant, the city of St. Louis, or its officers and agents, knew this fact, or by reasonable attention to their duties, might have known it within time to have required said Wittman to put it in a safe condition, and that the plaintiff while passing along said sidewalk, by reason of the unsafe and dangerous condition thereof occasioned by said excavation and its condition, and while exercising ordinary care and prudence on his part, fell into the excavation and was injured, then you will find a verdict against the city of St. Louis.''

Defendant complains of the instruction. Counsel says: "This instruction, like the petition, proceeds on the theory that the accident happened by reason of a defect in the sidewalk, whereas the evidence shows that whatever injury plaintiff sustained was by falling through the opening in the north wall of the building which was on private property.''

It was the duty of defendant to keep its streets in a reasonably safe condition for travel, and if plaintiff was injured by a neglect of this duty, while himself using proper care, it is liable for the damages resulting therefrom.

A street which has a deep, unprotected excavation extending from an adjacent lot to its margin, is not in a reasonably safe condition for travel. If the excavation rendered travel on the street dangerous, it was as much the duty of the city to protect the public against such dangers, as it would have been had the excavation been in the street itself. *Bassett v. St. Joseph*, 53 Mo. 298; *Kiley v. Kansas City*, 69 Mo. 108; 87 Mo. 107.

In a suit against the owner of property abutting upon a street for damages on account of negligence in permitting an excavation on the margin of the street, it was held that the owner would be liable as for a

nuisance to the highway. *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 228, and cases cited.

It was explained by the evidence that the sidewalk was the space between the curbing and the building line, which was reserved for the use of pedestrians. The use of the word "sidewalk," instead of "street," in the instruction, could not have misled the jury. If the sidewalk was defective on account of the excavation, the street was also defective.

III. The charter of the city of St. Louis provides that "whenever the city shall be made liable to an action for damages by reason of the * * * negligence * * * of any person or corporation, and such person or corporation shall also be liable to an action on the same account by the party so injured, the injured party, if he sue the city for damages suffered by him, shall also join such other person or persons, or corporations so liable * * * and no judgment shall be rendered against the city unless judgment be rendered against such other person or corporation so liable."

Mrs. Marshall, the owner of the property, was joined in this suit as a party defendant with the city of St. Louis, on the charge of committing the negligent act by which plaintiff was injured. After hearing all the evidence the court was of the opinion that the owner was not liable for the injury and ordered a verdict in her favor. To this ruling the defendant city saved an exception.

This ruling of the court must have been on the ground that the failure to properly guard the excavation was the negligent act of an independent contractor for which the owner was not responsible.

The evidence showed that the building was erected for Mrs. Marshall, by Wittman under a contract between them. The terms of the contract do not appear from the abstract of the record furnished us. In the absence

of evidence in respect of the terms of the contract the jury might well have inferred that the plans and specifications for the building required the making of the excavation, which, if unguarded, rendered the street dangerous for public travel.   Under the contract then the evidence tended to prove that the owner directed the contractor to make an excavation along the margin of the street, which in itself constituted a dangerous defect.   The work to be done under the contract was inherently dangerous and Mrs. Marshall can not protect herself from liability behind a contract with another. She is equally responsible for what another does under her direction as for what she does herself. *Independence v. Slack*, 134 Mo. 66; 2 Dill. Mun. Corp., sec. 1029; *Lancaster v. Ins. Co.*, 92 Mo. 460.

We are of the opinion, therefore, that there was evidence which required the submission to the jury of the question of liability of Mrs. Marshall.

The provision of the charter is peculiar and makes an important change in the code of procedure in cases in which the city of St. Louis may be liable for the negligent act of another.   As has been said, "the purpose of this action doubtless is to prevent circuity of action, and a multiplicity of suits, and their attendant evils, in those cases where the city can be held liable for the wrongful or negligent acts of others who are primarily liable, and who would in turn be liable over to the city." *Donoho v. Vulcan Iron Works*, 75 Mo. 405.   In the same case (p. 405), it is held: "If a person be joined as defendant with the city, who is found upon a trial not to be liable to an action by the plaintiff, this will not prevent a recovery against the city, if the case be one in which an action could have been maintained against the city alone, before the adoption of the section referred to."

The question in this case involves the right of the

city on appeal from a judgment against it, to question the judgment of nonliability, in favor of its codefendant, and the effect a reversal of such judgment of nonliability would have upon the judgment against the city.

While the city of St. Louis and Mrs. Marshall were both defendants in the suit of plaintiff, and had the right to make a common defense against the charge of negligence and a common affirmative defense of contributory negligence, they were, at the same time, antagonists on the question of the primary liability of Mrs. Marshall for the injury to plaintiff. This issue was made on the plea of defendant Marshall, that the negligence, if any, was that of an independent contractor. This issue was tried and found for defendant Marshall. The charter in order to avoid the necessity of an action over by the city to determine the liability, as between it and the landowner, required the latter to be joined as defendant.    There can be no doubt, we think, that the finding and judgment in favor of defendant Marshall was, unless reversed on appeal or writ of error, conclusive on both plaintiff and the city of St. Louis. It is immaterial in what form the issue was raised if it was decided between the adversary parties, on its merits.    *Edgell v. Sigerson*, 26 Mo. 583; *Young v. Byrd*, 124 Mo. 590; *Nave v. Adams*, 107 Mo. 414.

It is clearly intended that the judgment shall settle the rights and liabilities of the defendants, between themselves, for the charter requires the execution to be levied first upon the property of the one primarily liable.

But independent of the charter provision, the person suffering the injury had the right to pursue his remedy against either of the persons liable to him.    The charter changes the rule of practice in that respect and requires both to be joined in the suit and forbids a

judgment against the city alone, when the other party is found to be primarily liable. It would be an unreasonable and unfair construction of the charter to deprive the plaintiff of the fruits of his judgment against the city on account of an error committed by the trial court in respect to the liability of one charged with committing the negligent act which resulted in the injury. The charter did not intend that the effectiveness of a judgment against the city should depend upon the correctness of the ruling of the trial court in respect to liability of the other party. If on a trial the party jointly charged with the city is adjudged not to be liable a judgment against the city will not be affected by an erroneous ruling on an issue between the defendants. This we think clearly implied from the decision in the *Donoho* case, *supra*.

If the final judgment is conclusive on the city in an action over by it against Marshall, then the city had the undoubted right to an appeal therefrom, but a reversal of such judgment should not affect the right of plaintiff to his judgment against the city. A reversal of the judgment, therefore, in favor of Marshall, on an appeal by the city, could only have the effect of relieving the city of the bar of that judgment and of restoring its right to an action against Marshall as being primarily liable for the injuries.

An examination of the record shows that two independent judgments were rendered under one entry; a judgment in favor of Marshall and one against the city in favor of plaintiff. By each of these the rights of the city were affected and it had the right to appeal from each or both of them.

The city saved an exception to the ruling of the court in directing a verdict for Marshall. In its motion for a new trial it assigned, as one of the grounds therefor, the same ruling of the court. The record

shows this entry: "And said defendant also files herein its affidavit for appeal, and on its motion an appeal is hereby granted said defendant, the city of St. Louis, to the supreme court of the state of Missouri, from the judgment herein rendered."

There was but one trial, the entire record of which was brought to this court on the appeal. Indeed there is no provision in the charter for separating the trial of the rights of the city, as between itself and the plaintiff, on the one hand, and defendant Marshall on the other. We are therefore of the opinion that the appeal brought the entire record before this court for review, so far as the same affects the rights of appellant. The judgment of the circuit court in favor of plaintiff and against the city of St. Louis is affirmed. The judgment in favor of defendant Marshall against the plaintiff, so far as it affects the rights of the city, is reversed. ROBINSON, J., absent; the other judges concur.