WILLIAM HAGOOD, EXECUTOR OF CHARLES S. SKINNER, Appellant, v. JAMES HUTTON, MARSHAL OF THE CITY OF LAGRANGE, AND THE CITY OF LAGRANGE, Respondents.

*Pleading—Amendment.*—An amended petition must set out all the facts sufficient to constitute a cause of action.

*Corporations, Municipal—Power.*—The Legislature had power to authorize the City of Lagrange to expend money upon improvements or roads outside of the limits of the city.

### *Error to Lewis Circuit Court.*

The first section of the sixth article of the charter of the city of Lagrange, approved February 24, 1853, (Acts of 1852–3, p. 225,) provides, that "upon the petition of a majority of the resident tax-payers on real estate within the corporate limits of the city, for that purpose, the city may levy and collect a special tax of not exceeding one per cent. per annum on such real estate, to be appropriated to the subscription and payment for the improvement of roads leading into the city, and promoting the trade and commerce thereof."

After the passage of this act, and prior to the first of May,

---

[*] The respondent made a motion for rehearing, which was refused; but the case was remanded for a new trial.

1857, a majority of the resident tax-payers on real estate within the corporate limits of the city presesented their petition to the city council for the passage of an ordinance to carry into effect the provisions quoted; and on the first of May an ordinance was accordingly passed by the city council providing that a tax of one-half of one per cent. be levied on all the real estate within the corporate limits of the city, and collected, for the bridging and grading of two roads within the limits of Lewis county, leading into the city, viz., the Lagrange and Edina State road, and the Lagrange and Memphis road.

The real property of the estate of Charles S. Skinner within the city limits was assessed at the sum of sixty-three thousand five hundred and fifty dollars, and a tax of one-half of one per cent. or three hundred and seventeen dollars and seventy-five cents was levied on the same, under and to accomplish the ends of the ordinance, and the city marshal (defendant Hutton) was about to proceed to collect the same, when, on the 28th of November, 1857, the plaintiff, Hagood, executor of the will of Skinner, filed his bill against the city and her marshal for injunction, and a temporary injunction was granted.

At the April term, 1860, the cause was tried by the court. On the trial the plaintiff read the ordinance in evidence, and admitted that a petition, such as was required by law, had been presented to the city council prior to the passage of the ordinance, and also read section one of article six, and section eight of article nine, of the charter. This was all the evidence.

The court then, at the instance of the defendants, gave this instruction: "Upon the facts as admitted by the parties in this case the City of Lagrange was warranted in law in levying and collecting the tax sought to be enjoined, and that the injunction ought to be dissolved and plaintiff's bill dismissed;" to the giving of which plaintiff objected, and for the overruling of his objection excepted. The court then dissolved the injunction and dismissed the bill.

*D. Wagner*, for appellant.

I. The principal question in this cause is the real construction of section one of article six of the charter of the said City of Lagrange ; for which see Session Acts of 1852 and '53, p. 225 ; and whether that clause in said section which authorizes an extraordinary levy of one-half of one per cent., to be expended on improvements outside the city limits, is constitutional.

1. It is contended that the clause in said section authorizing the additional levy of one-half of one per cent. is unconstitutional, and consequently the ordinance is void. The constitution is not a mere limitation, but a grant, of power.

2. There is in that instrument no grant of the power in controversy, nor is it the exercise of a power properly legislative. (Calder *ex rel.* v. Bull, 3 Dallas, 386 ; Taylor v. Porter, 4 Hill, 144 ; Wilkinson v. Leland, 2 Peters, 627 ; People v. Edmonds, 15 Barb. 529.)

3. It violates that provision of the constitution which declares that " no person shall be deprived of life, liberty or property, except by the judgment of his peers or by the law of the land," and by the further provision, that " no property ought to be taken or applied to public use without just compensation." (4 Hill, 146 ; 3 Story on Const. 661 ; 2 Kent's Com. 13.)

II. The power here contended for is unequal and unjust, and ought not to be exercised on any doubtful construction, or without there can be found a specific grant to warrant it. " It is wrong that a few should be taxed for the benefit of the whole, and it is equally wrong that the whole should be taxed for the benefit of the few. No one town should be taxed exclusively for the payment of county expenses incurred for the benefit of a single town," &c. (per Ruggles, J. ; The People v. Mayor, &c., of Brooklyn, 4 Comstock, 430.) This language is repeated by Judge Leonard, and approved by our Supreme Court in Lockwood v. St. Louis, 24 Mo. 20.

III. The position herein insisted on is not antagonistic to

the law as declared in Lockwood v. St. Louis, 24 Mo. 20; Garrett v. St. Louis, 25 Mo. 505; Egyptian Levee Co. v. Hardin, 27 Mo. 495. They were cases of assessments for benefits which were to be laid out and expended on the identical property sought to be charged. They are clearly distinguishable from the case at bar.

The present case has none of the characteristics of an assessment for benefits; but is in every form and feature an absolute tax. See the distinction.between a tax and an assessment, stated and considered by that great and accurate lawyer, Judge Bronson, in Sharp v. Spear, 4 Hill, 82.

Laying out money in different parts of the county cannot be said with certainty to be a benefit; it may be, and it may not.

IV. The ordinance does not pursue the power attempted to be conferred. The provision of law requires a "majority of the resident tax-payers on real estate." The ordinance purports to have been made in accordance with a majority of the resident tax-payers of the city, &c. Whenever an inferior tribunal, corporation or officer of special and limited jurisdiction attempt to exercise a power of this description, and wrest property from the owners, they must show, step by step, that everything that has the least semblance of benefit to the owner has been strictly complied with; (Atkins v. Kinnans, 20 Wend. 241; Sharp v. Johnson, 4 Hill, 92; Powell v. Tuttle, 3 Comst. 396; Powers v. Bergen, 2 Selden, 358; Doughty v. Hope, 3 Denio, 594; S. C. 1 Comst. 79;) and they must show affirmatively that they had done everything that was necessary to acquire jurisdiction. (Mills v. Martin, 19 Johnson, 7; Reeds v. Morton, 9 Mo. 868.)

The ordinance does not show that the city council proceeded on the petition of a "majority of the resident tax-payers on real estate;" it does not show affirmatively that they ever acquired or possessed any jurisdiction over the matter. It may be a *casus omissus*, but it will not be helped or supplied by intendment. In Wells v. The City of Weston, 22 Mo. 384, it was decided that the Legislature could not authorize a mu-

nicipal corporation to tax, for its own local purposes, lands lying beyond the corporate limits; and, by a parity of reasoning, I contend that they cannot impose a tax on a portion of the inhabitants of a city to be expended and used beyond the corporate limits.

V. As there was nothing but real estate, injunction was the proper remedy. (Lockwood v. St. Louis, 24 Mo. 20.)

*Lipscomb*, for respondents.

I. There is no equity in the bill.

The leading ground for the relief asked is, that the provision of the legislative charter on which the proceedings of the city council were based is unconstitutional and void; and being so, the proceedings of the city government, depending thereon, are likewise void. If this assumption is well founded, it is an answer to the plaintiff's action.

The officer's warrant to collect the tax being void, the title to the property sold under it would not be affected, and therefore the execution of the warrant would not do irreparable injury, or any injury.

But, whether the proceedings complained of were or were not void, the plaintiff's remedy was not by injunction. If the city or her marshal was able to respond in damages, (and for aught in the bill they were,) plaintiff should have paid the tax under protest, and then brought his action at law to recover it back. His remedy at law was complete. (Sayre v. Tompkins, 23 Mo. 443.)

Again, the bill neither shows the legal title to the real estate in the plaintiff, nor any beneficial interest therein under the will of his testator; and so he is in no condition to invoke the interposition of a court of equity for the protection of the title of the real estate, but the invocation should come from the heir or devisee.

II. The constitutional question raised here is met and answered by the judgment of this court in the case of the Egyptian Levee Co. v. Hardin, 27 Mo. 495.

The law being constitutional and the action of the city

council under the law being in strict conformity to its requirements, as shown by the plaintiff's own evidence on the trial, the Circuit Court did right in dissolving the injunction and dismissing the bill.

BATES, Judge, delivered the opinion of the court.

This was a petition for an injunction to restrain the City of Lagrange from collecting a special tax upon real estate, levied for the purpose of improving roads outside of the city limits. The defendant answered, and afterward the plaintiff filed an amended petition, which of itself stated no cause of action, and was obviously intended to be only amendatory of, and additional to, the original petition. We do not, however, look beyond the amended petition, and as that states no cause of action, the judgment for the defendants must necessarily be affirmed.

In order, however, to settle the case finally, we add that the Legislature had power to authorize the City of Lagrange to expend money upon the improvement of roads outside of the limits of the city.

Judgment affirmed; Judge Bay concurs; Judge Dryden having been of counsel in the court below did not sit in the case.