## NATIONAL STAMPING AND ELECTRIC WORKS, Appellant, v. WICKS and PETERS, Respondents.

### St. Louis Court of Appeals, March 3, 1908.

PLEADING: One Pleading for all Matters of Action or Defense. Section 666, Revised Statutes 1899, is imperative and must be followed in its requirement that a party shall set forth in one entire pleading all matters which by the rules of pleading may be set forth in such pleading; where a defendant filed several different and distinct answers, setting up as many counterclaims, this was reversible error, although evidence was introduced upon the several counterclaims without objection.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*W. P. Campbell* for appellant.

*A. Mullinix* and *N. B. Wilkinson* for respondents.

BLAND, P. J.—About July 14, 1905 plaintiff sold and delivered to defendants ten twelve-light transformers at the price of sixty dollars. Defendants refused to pay the account, hence this suit. The first answer filed admitted the account and pleaded four separate and distinct counterclaims. This answer was filed on January 3, 1906. On January 24th seven other answers were filed, each setting up a separate and distinct counterclaim. None of these answers purport to be an amendment of any other answer. They all purport to be and were filed as original answers. Defendants introduced evidence at the trial on the four counterclaims in the

first answer filed and also on the seven counterclaims pleaded in the seven separate and distinct answers filed on January 24th. No motion was made by plaintiff to strike out any of these answers, nor did the court require defendants to set forth in one entire pleading all the defense they had and which were necessary to a determination of the action, as required by section 666, Revised Statutes 1899. In Basye v. Ambrose, 28 Mo. 39, the parties agreed that the original and amended answer should be treated as one pleading. At page 46, Judge Scott, in respect to this agreement and in respect to the provisions of section 666, supra, which was then in the code of practice, said: "The provision is a very wise and salutary one, freeing courts and juries of great embarrassment and parties from much unnecessary cost. It is hard to conceive how any court could arrive at the conclusion that it possessed the power, by consent of parties, to dispense with this section of the law. No reason is seen why, if the court can in such way dispense with this provision, it may not in like manner dispense with every law regulating its conduct and the making up of its records in suits between individuals." The office of pleading is the formation of issues. "An issue is a specific point or matter affirmed on one side and denied on the other." If a point of fact is put at issue the law sets it apart for determination by a jury; the object of pleading is to bring parties to an issue and the code of civil practice accomplishes this purpose by requiring that pleadings shall set forth the facts in a plain and concise manner. Section 666, supra, if observed, will prevent obscurity; it is imperative and must be followed; it was wholly ignored in this case, for which reason the judgment is reversed and the cause remanded with leave to defendant to file an amended answer in which must be stated all the defenses and counterclaims they have and which may be set forth by the rules of pleading. It is so ordered. All concur. *Goode, J.,* not sitting.