## SUSIE HUTCHINSON, Respondent, v. W. C. MULLINS, Defendant Respondent, and KANSAS CITY, Defendant Appellant.

### Kansas City Court of Appeals, May 3, 1915.

1. **MUNICIPAL CORPORATIONS: Damages: Liability Arising from Wrongful Act of Another: Necessity for Making Such Other Person Party Defendant.** Under Sec. 9801, R. S. 1909, whenever a city of over 150,000 inhabitants is sued for damages for an act arising out of the negligence of another, subject to service in this State, and for which act such other is also liable, in a suit for damages against the city the plaintiff, upon notice, must make such other a party defendant along with the city. The statute, however, does not mean that the plaintiff must obtain a judgment against such other as a condition precedent to a recovery against the city.

2. ——: ——: ——: ——. Plaintiff sued the city for damages by reason of an injury caused by an obstruction on the sidewalk. Upon notice from the city plaintiff made a contractor a party defendant with the city. Plaintiff's evidence, however, failed to show any negligence on the part of the contractor, and at the close of the evidence in chief a demurrer to the evidence was sustained as to him but overruled as to the city. Plaintiff excepted to the sustaining of the demurrer as to the contractor as did also the city. The city did not ask permission to offer evidence showing liability on the part of the contractor before the demurrer was sustained, nor did the evidence thereafter show any such liability. *Held,* that in the absence of any evidence showing a voluntary purpose on plaintiff's part to allow the contractor to escape liability, and in view of the fact that no act on the part of the plaintiff has prevented the city from contesting the validity of the judgment in favor of the contractor, the failure of plaintiff to recover against the contractor ought not to preclude the plaintiff from recovering against the city.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*A. F. Evans, J. W. Garner* and *A. F. Smith* for appellant.

(1) The failure of the Legislature to provide specific methods of administering sec. 9801 does not make that section noneffective. Householder v. Kansas City, 83 Mo. 488; State ex rel. v. Taylor, 224 Mo. 393; Walker v. Sedalia, 74 Mo. App. 70; 1 Cyc. 706. (2) Where a petition does not state sufficient facts to make a cause of action its insufficiency cannot be corrected by any other pleading of the plaintiff, or of any other party. Mathieson v. St. Louis, etc., Co., 219 Mo. 542. (3) Sec. 9801 and similar laws confer a substantial right upon the city. Schweickhardt v. St. Louis, 2 Mo. App. 571; Wiggins v. St. Louis, 135 Mo. 558; Kilroy v. St. Louis, 242 Mo. 79; Shippey v. Kansas City, 162 S. W. 137; Funk v. Kansas City, — Mo. App. —. (4) It incorrectly stated the law inasmuch as the city has the right to obstruct its streets temporarily in making public improvements. Hesselback v. St. Louis, 179 Mo. 505; Downey v. Boston, 184 Mass. 20, 67 N. E. 638; 3 Dillon Munic. Corp. (5 Ed.), sec. 1168 (5) The instruction submitted a false issue. It is improper to present to the jury conditions at places other than the one in controversy. Hipsley v. Kansas City, etc., Co., 88 Mo. 348; Bowles v. Kansas City, 51 Mo. App. 416. (6) It is prejudicial error to submit to the jury an immaterial issue. Chenoweth v. Sutherland, 129 Mo. App. 431.

*Yates & Mastin, C. S. McLane* and *Strother & Campbell* for respondent Hutchinson.

(1) Plaintiff strictly complied with section 9801, R. S. 1909, when she adopted defendant's motion as a part of her petition and thereby alleged exactly what defendant asked to have alleged against Mullins in addition to making him a party defendant. His liability

was not established for lack of proof nor for want of allegation. The city cannot complain of this. Livingston v. St. Joseph, 161 S. W. 305; Kilroy v. St. Louis, 242 Mo. 79; Donoho v. Iron Works, 75 Mo. 401; Wiggins v. St. Louis, 135 Mo. 558.

*Fyke & Snider* for respondent Mullins.

TRIMBLE, J.—Plaintiff sued for damages received in being tripped and thrown on a dangerous and unsafe sidewalk, made so by a piece of sewer pipe negligently left thereon and allowed to remain there so long before her fall as to give the city notice of the defect in time to have removed it had the city exercised ordinary care. A trial was had resulting in a verdict for plaintiff against the defendant, Kansas City, in the sum of $1000 from which the city has appealed.

The original petition sued Kansas City and one W. C. Mullins, a contractor who had a contract with the city to put in sewers on a number of streets among which was Lawn avenue where the injury occurred. In this petition, which was filed March 21, 1907, the city was charged with negligence in failing to keep said street in a reasonably safe condition by permitting sewer pipe to be strewn along and on the sidewalk and near the same and suffering it to remain thereon; and Mullins was charged with negligently putting and allowing it to remain there. Summonses were issued and served upon both defendants.

An amended petition, filed November 17, 1908, charged each defendant with negligence as before.

On October 28, 1909, a second amended petition was filed against Kansas City alone, in which the city was charged with negligence in failing to keep that part of Lawn avenue in front of the house at No. 2215 in a reasonably safe condition in that it negligently suffered and permitted sewer pipe to be strewn along

and over the sidewalk and negligently permitted the same to remain there for a long time, etc.

Upon the filing of this second amended petition, the city filed a motion, under section 9108, Revised Statutes 1909, setting up the foregoing facts with reference to the filing of said petitions and the parties defendant therein, and alleging that "if plaintiff received the injuries alleged in the petition and in the manner therein stated that the same were caused directly and solely by the carelessness and negligence of W. C. Mullins, a sewer contractor, who at the time and prior thereto had placed the pipes upon the sidewalk, if the same were placed there, and if plaintiff received her injuries through the carelessness and negligence of anyone, that W. C. Mullins is primarily liable if any liability exists, and is a resident of this city and State, and that service has been had upon him in this action and he has answered in same." Said motion prayed that "plaintiff be required to make said Mullins a party defendant in her second amended petition in accordance with the facts constituting his liability and that defendant be not required to plead until same is done."

Thereupon, on November 3, 1909, a third amended petition was filed, with Kansas City and W. C. Mullins parties defendant, in which the city was charged with negligence as before, and this allegation was made with reference to the defendant Mullins: "Plaintiff further informs the court that the defendant city has filed with this court a motion, copy of which is attached to this petition and by reference marked Exhibit "A" and made a part hereof, and in pursuance of the statute in such cases made and provided, this plaintiff makes said Mullins a party to this action, and while she has no proof of the truth of any allegation that charges said Mullins with negligence as in said motion indicated, in obedience to said statute alleges that said Mullins is guilty of negligence in the premises

as in said motion set out.'' Attached to said petition, as Exhibit ''A,'' was a copy of the city's motion.

On August 23, 1910, the city filed a motion to require plaintiff to make Mullins a party defendant, the ground of said motion being that the third amended petition failed to allege any fact against defendant Mullins and was not a compliance with the city's former motion.

Thereupon, on December 22, 1910, a fourth amended petition was filed (being the one on which the case was tried) in which the city was charged with the same negligence as before, and this allegation was made with reference to the defendant Mullins: ''Plaintiff further informs the court that the defendant city has filed with this court a motion to make one W. C. Mullins a party defendant in this cause, and in obedience to said motion the plaintiff makes the said Mullins a party defendant herein for the purposes indicated in said motion.''

To this petition, the city on November 2, 1911, filed a motion to stay proceedings until Mullins was made a party defendant, the ground of the motion to stay being that ''plaintiff has filed a petition herein which does not state any cause of action against defendant Mullins.''

This motion to stay proceedings, and also the motion filed August 23, 1910, to require plaintiff to allege facts stating a cause of action against Mullins, were both overruled by the court November 4, 1911, defendant city excepting.

Thereupon, the defendant Mullins filed answer which was a general denial; and the city filed its answer consisting of a general denial and a plea of contributory negligence.

The plaintiff filed reply and a trial was had.

At the close of plaintiff's evidence each defendant demurred. The court sustained the demurrer of de-

fendant Mullins, to which both plaintiff and the defendant city excepted.

The city's demurrer was overruled and then the city offered its testimony, including that of defendant Mullins and certain of his employees, to the effect that no sewer pipe was ever left or remained on the sidewalk. The trial resulted, as stated before, in a verdict and judgment against the city for $1000 and a judgment in favor of the defendant Mullins and against plaintiff as to him.

Defendant city contends that plaintiff obeyed section 9801, only in so far as to make Mullins a party defendant, but violated its spirit by not alleging any facts showing his liability and thereby caused a judgment to be rendered in his favor; and that plaintiff, having done this, is not entitled to any judgment against the city. Or, to put it in other words, that plaintiff wilfully refused to plead any facts upon which a judgment against Mullins could be rendered, and that, therefore, plaintiff is in the same situation as if she had agreed not to sue Mullins or had consented to a judgment in his favor, or had released him. Before this contention on the part of the city should be now allowed to destroy plaintiff's judgment, it should appear in the evidence that Mullins' act or omission of duty caused the injury and rendered him liable to plaintiff on account of the same negligence relied upon by her as a cause of action against the city. Of course, under the statute, the mere filing of the motion duly sworn to may perhaps be all that is necessary to require the plaintiff in the first place to comply therewith and make the alleged primary wrongdoer a party. But if it should afterwards turn out that such person was not liable to plaintiff, or if upon trial no showing is made that such person was negligent or was liable to plaintiff, can the city complain on the ground that the statute was not obeyed in some particular, or because no judgment was rendered against such person?

It would seem that the liability of such other person ought to appear in the facts somewhere, otherwise the city might escape its liability on the ground that the primary wrongdoer had escaped when there is no certainty that such person is the primary wrongdoer. By the express terms of the statute, the city is entitled to the procedure marked out therein, "whenever . . . the cause of action on account of which said city is sued shall arise from the . . . negligence of any person . . . and such . . . negligence shall also make such person . . . liable to an action by the plaintiff on the same account as such city is sued for," etc.

Now the evidence in the case, at least that prior to the sustaining of Mullins' demurrer to the evidence, did not show that he was liable to plaintiff "on the same account as" the city was or on any other account. The gist of plaintiff's charge against the city was negligence in failing to keep its streets reasonably safe by allowing a sewer pipe to remain on the sidewalk. So far as this charge is concerned it did not matter who put it there. The city would be liable for allowing it to remain after notice of its being there. Plaintiff swore that she did not know who put it there, and there is no evidence prior to Mullins' demurrer, showing who put it there. Nor was there evidence to show whether the pipe was placed on the sidewalk when it was delivered on the street or whether it afterwards in some way was caused to encroach thereon. Of course, if Mullins negligently placed the pipe on the walk in the first place he would be liable for having thereafter allowed it to remain, but if he did not put it there, he would not be liable to plaintiff unless he was under some obligation to watch it and see that it did not afterward become an obstruction on the walk.

When we say there was no evidence showing liability of Mullins to plaintiff prior to the sustaining of his demurrer, we are not overlooking the fact that

there was in evidence a contract between the city and Mullins whereby the latter was authorized to put in sewers on a large number of streets, among which was Lawn avenue, the street in question, and in which contract Mullins was required to "observe all city ordinances in relation to obstructing the streets, maintaining signals, keeping open passageway and protecting the same where exposed, and generally to obey all laws and ordinances, controlling or limiting those engaged on the work," and also agreed to indemnify the city for loss through injuries sustained by anyone from the negligence of Mullins or his servants in doing the work. No ordinances were introduced showing what he was required to do. The mere introduction of this contract was not sufficient to make Mullins liable *to plaintiff*, especially when plaintiff's evidence was that the piece of sewer pipe she stumbled and fell over was put there as far back as Thanksgiving Day in 1906, the fall occurring January 15, 1907, and the evidence after the demurrer was all to the effect that no sewer pipe was delivered on Lawn avenue for Mullins' benefit until after December 27th. Consequently, Mullins may not have had anything to do with the piece plaintiff fell over. So that the evidence did not show liability of Mullins to plaintiff before the demurrer to the evidence as to him was sustained.

Nor did the city ask leave, before this demurrer was passed on, to offer evidence showing that Mullins did put the pipe on the walk, or that it was put there for his benefit, or that he was negligent in not observing it to see that it did not thereafter become an obstruction on the walk.

Indeed the evidence offered by the city, after the Mullins demurrer was sustained, was to the effect that the W. S. Dickey Clay Manufacturing Company delivered the pipe on the streets; that while pipe was being delivered for Mullins' benefit on the other streets as far back as Thanksgiving Day, 1906, yet none was

delivered for his benefit where plaintiff got hurt till long after Thanksgiving, when he was ready to put that sewer in. Consequently, if the piece of pipe over which plaintiff fell had lain there since Thanksgiving Day, it was not put there by Mullins nor for his benefit, or, if so, then he was not necessarily liable to plaintiff in not watching to see that it was not, or did not become, an obstruction. Can it be said, therefore, that the same evidence that showed the city's liability also showed that Mullins was liable to plaintiff? Or was additional evidence necessary to do this? It would seem that other evidence was necessary, and that the demurrer to the evidence was sustained as to Mullins because of the lack of such evidence. The defendant city claims it was sustained because no facts were alleged against Mullins. But when the case opened Mullins objected to the introduction of any evidence on this ground, and was overruled. This shows that the trial court considered that a case was stated against Mullins, and that after plaintiff's evidence was in, a demurrer thereto was sustained because of the insufficiency of the evidence and not because plaintiff's petition stated no cause of action against Mullins.

If there was not sufficient evidence to show Mullins' liability to plaintiff on the same account as the liability of the city to her, what right has the city to complain of plaintiff's judgment against it? Defendant city's position is that the plaintiff must not only state a cause of action against Mullins but must hunt up evidence and pursue him as the primary wrongdoer; and that if plaintiff fails to secure enough evidence to hold Mullins she must forego her judgment against the city. The statute does not mean this. It merely means that if the same facts creating the city's liability to plaintiff also creates a liability in favor of plaintiff against another person, then the city has a right to have such person brought in so that if the liability of the city is established, the liability of the pri-

mary wrongdoer to the city may also be established without circuity of action. But it was not intended that plaintiff should be compelled to pursue the original wrongdoer and establish liability against him as a condition precedent to her right to hold the city. In Wiggins v. St. Louis, 135 Mo. 559, it was held that under a charter provision of St. Louis similar to section 9801, a judgment in favor of the defendant contractor would not affect plaintiff's judgment against the city. The fact that the defendant contractor prevailed and obtained a judgment in his favor would, until set aside on appeal, be conclusive, *as between him and the city,* on the question of his primary liability over to the city, and consequently the city could appeal and assail the judgment *in so far only* as it affected such person's liability to it. Reversing the judgment in favor of the contractor would not destroy plaintiff's judgment against the city but would relieve the city of the bar of the judgment and restore its right to go after the contractor. In Kilroy v. St. Louis, 242 Mo. 79, plaintiff sued three defendants, the property-owner, a lessee of the property, and the city. At the close of plaintiff's evidence each defendant demurred. The property-owner and the lessee were sustained in their demurrers. The city filed a motion to set aside the nonsuit as to the lessee, but plaintiff did not. The trial court sustained the motion. The Supreme Court says on page 84, "the effect of the judgment rendered for or against one or both defendants is the same whether they were joined because the plaintiff so preferred or under constraint of the statute. In either event the judgment in favor of one and against the other would be binding on all and would bar the city's right of action against its codefendant, unless reversed on appeal or writ of error; hence when the city in such case appeals from the judgment against it, it has the right to assign for error the rulings on which the judgment in favor of its codefendant were based. Therefore, the

city had the right in this case to move the trial court to set aside the judgment of nonsuit in favor of the Brewing Association, and when the court sustained the motion it opened the issues as to that defendant for a new trial, at least so far as affects the city's rights against that defendant. Although the plaintiff has joined the property-owner and the city as code-fendants, yet his right to a judgment against the city does not depend on his right to a judgment against the property-owner if the evidence justifies one and does not justify the other. His failure to except to the ruling of the court which forced him to take a non-suit as to the Brewing Association precludes him from a judgment in this case against that defendant, but does not preclude the city from preserving its right of action against that defendant by showing, if it can, that the evidence did not justify the ruling of the court in forcing the nonsuit.'' So that, plaintiff's right to a judgment against the city in this case does not depend on her right to a judgment against Mullins if the evidence justifies the former and not the latter.

But the defendant city contends that plaintiff in the case at bar wilfully chose not to assert any cause of action against Mullins and hence she is in the same position as if she had voluntarily released him.

We cannot say that plaintiff committed a fraud on the statute or deprived herself of all right to a judgment against the city merely because her allegation, that in obedience to defendant's motion she made him a party for the purposes indicated therein, was bad pleading as to him. The evidence does not show that she purposely refrained from stating any facts showing his liability in order to release him or allow him to go free. Neither plaintiff nor the trial court considered the petition no pleading as to Mullins, since the court overruled his objection to the introduction of any evidence thereunder and the plaintiff excepted to the sustaining of Mullins' demurrer to the evidence.

The evidence does not show that plaintiff and Mullins were in any compact or went in together as against the city. The facts are the other way around. The city and Mullins went in together to prove that plaintiff had no case against either defendant, and the city placed Mullins and his servants on the stand to show that they never put the pipe on the sidewalk. Their evidence also carried the possible inference that the particular pipe doing the injury was not put there for him at all. It may be that the city does not have to admit or assert that the pipe was on the sidewalk in order to claim recourse on Mullins. No doubt that is true, since the question of whether the pipe was there is not established until the jury say it was. But this does not compel plaintiff to hunt up the evidence showing Mullins' liability to her to be as broad as that of the city to her and to see that the evidence justifies a verdict in her favor against Mullins before she can hope to have a judgment against the city.

It must be borne in mind that the defect in plaintiff's petition as to Mullins *has not prevented the city from contesting the validity of the judgment in favor of Mullins.* The city moved the court to require facts to be alleged against Mullins. This was overruled and the city excepted. The court allowed all evidence to go in against Mullins under the petition thereby in effect holding that it was sufficient as a pleading as to him. He did not demur to the petition or ask that it allege facts, or attack it in any way except by an objection to the introduction of the evidence. So that the defective petition as to Mullins was not the cause of the judgment in his favor nor did it prevent the city from offering evidence to show that under the ordinances of the city Mullins owed a duty to plaintiff as wide and as far reaching as the city's duty to her. Instead of offering this evidence the city contented itself with attempting to show that neither it nor Mullins

189MA29

were liable. Plaintiff's evidence was sufficient to show the city's liability but was not sufficient to show Mullins' liability. And unless the statute means that she must show a liability on Mullins before she can hold the city, she is not required to produce that evidence. In the absence of any such showing on her part, the city could have offered it if it had seen fit to do so.

It cannot be said that the judgment in Mullins' favor was right as to the city because the petition stated no cause of action against him, and, therefore, the city was precluded from establishing his liability. The record shows that the city excepted to the ruling of the court on the sufficiency of the petition, and also on the sustaining of the demurrer in behalf of Mullins. It was, therefore, still in a position to contest the validity of the Mullins' judgment *as to it* though the judgment was good as to plaintiff. Besides, the record shows that the nonsuit as to Mullins was not on account of the pleading but on account of a lack of evidence up to that time, and the city made no request to be allowed to offer further testimony showing Mullins' liability before his demurrer should be passed on.

It is no doubt true, as intimated in Shippey v. Kansas City, 162 S. W. 137, l. c. 142, that where a plaintiff agrees not to pursue the other defendant, this bars the right to hold the city under the provisions of section 9801. And in the case at bar, if plaintiff purposely refrained from stating a case against Mullins in order to allow him to escape, or, if such course precluded defendant from contesting on appeal the validity, *as to it,* of the judgment in favor of Mullins, then plaintiff ought to be barred against the city also. But the city was not precluded from establishing Mullins' primary liability by the defective pleading as to him, and she is not compelled to first show that Mullins was liable to her before she can hold the city on the broader ground of its liability.

Defendant says that the original and amended petitions charged Mullins with negligence and therefore this is conclusive that plaintiff knew the facts and withheld proof of his liability. But merely because she alleged negligence in her first petition does not show that she had evidence to prove that allegation. And in her third amended petition she alleged that she had "no proof of the truth of any allegation that charges said Mullins with negligence" and on the stand testified she did not know who put the sewer pipe on the sidewalk.

Inasmuch, however, as the city was not prevented from showing that if it was liable at all it was liable only because of Mullins' negligence, and inasmuch as the city was not, and is not now, precluded by plaintiff's course from questioning the validity of the judgment in favor of Mullins so far as his liability over to the city is concerned, we do not think the plaintiff should be declared to have forfeited all right to hold the city for its negligence. The case is not like one where the plaintiff by agreeing not to pursue one defendant, or has voluntarily released him, has lost her right to a judgment against the city. If plaintiff's petition is defective in not stating facts against Mullins, certainly the city is not in a position to complain because in its notice or motion to make Mullins a party, if it stated any fact at all, it is only that Mullins placed the pipe there and the evidence for plaintiff is that the piece which did the injury was placed there as early as Thanksgiving Day, and all of defendant's evidence, including that of Mullins' and his servants, is that no sewer pipe was placed along the street until along about December 27th. Hence, if this be true, Mullins did not place the sewer pipe causing the mischief and is not liable for letting it remain there as is the city. The city's notice is, therefore, almost if not quite as barren of facts concerning Mullins' liability as is plaintiff's petition. Of course, possibly plain-

tiff's procedure under section 9801 was to move to strike out the city's motion, but because she did not do this, the city is hardly in a position .to charge that plaintiff's failure to allege actionable facts against Mullins precludes a judgment being rendered against him when its motion does not include the facts showing the broad ground upon which plaintiff was seeking recovery of the city. Section 9801 says the city shall set forth such facts in such notice.

## ON REHEARING.

ELLISON, P. J.—A rehearing was granted in this cause and we have had the advantage of a reargument, which has left us convinced that the foregoing opinion has correctly disposed of the points in controversy.

We add this additional consideration. The evidence disclosed that the entire space between the property line and the curb was not taken up, or occupied, with the board sidewalk; a part of it being set in grass and, as we all know, is sometimes called a grass plot or parkway. Plaintiff's instruction number 1 was so drawn as to tell the jury that for the purposes of the case such entire space should be considered as the sidewalk which it was defendant's duty to keep in a reasonably safe condition. The instruction is directly supported by the Supreme Court in Coffey v. Carthage, 186 Mo. 573, and by this court in Fockler v. Kansas City, 94 Mo. App. 464. See also Kossman v. St. Louis, 153 Mo. 293, 299; Wiggins v. St. Louis, 135 Mo. 559, 566.

We recognize the right and practice of a city to permit building material, or material for public improvements, to be deposited in the street, or proper parts of the sidewalk space. But this must be for a reasonable length of time and under proper safeguards. This right does not include, as a matter of law, the privilege of so scattering material either on the street

or sidewalk space as to become a menace to persons rightfully passing over or along these places.

We have considered objections to other instructions and find them to be without substantial merit. There is no reason to suppose that the jury were misled, nor that all proper issues in the case were not fully understood. The judgment is affirmed. All concur.

## MODIFICATION.

PER CURIAM.—Defendant has asked us to modify the opinion written by Judge TRIMBLE so as to clearly express that our decision will not prevent or bar the right of the city to show that Mullins is yet liable to the city, notwithstanding our present decision in favor of the plaintiff against the city. That was our ruling, as is, we think, clearly to be inferred from the following language set forth near the end of Judge TRIMBLE's opinion, viz., "Inasmuch, however as the city was not prevented from showing that if it was liable at all, it was liable only because of Mullins' negligence, and inasmuch as the city was not, and is not now, precluded by plaintiff's course from questioning the validity of the judgment in favor of Mullins so far as his liability over to the city is concerned, we do not think plaintiff should be declared to have forfeited all right to hold the city for its negligence."

We will therefore sustain the motion to modify in the respect above set forth.