KANSAS CITY, Appellant, v. WILLIAM C. MULLINS,
Respondent.

Kansas City Court of Appeals, January 27, 1919.

.1. NEGLIGENCE: Personal Injury: City: Primary Wrongdoer: Ad-
versary Parties: Adjudicata. When a city and the primary wrong-
doer are sued for personal injuries, the city and such wrongdoer
are adversary parties and a judgment in favor of the wrongdoer
is *res adjudicata* in an action by the city over against him for
the sum it has been compelled to pay.

2. ———: Petition: Cause of Action: Res Adjudicata. Where a pe-
tition fails to state a cause of action against a defendant, pri-
marily liable, the judgment rendered in his favor is not *res adjudi-
cata* in an action against him by his co-defendant.

3. ———: Parties Defendant: Facts in Motion: Cause of Action Res
Adjudicata. The statute (Sec. 9801, R. S. 1909) provides that
where a city is sued for personal injury for which a property
owner or contractor is primarily liable, such city may by motion
setting out the facts making him liable, require the plaintiff
to make such person a party defendant. If the plaintiff thereupon
makes him a party by referring to the motion as containing the
facts, it was ruled that a cause of action was thereby stated
against the defendant so brought in and that a judgment in his
favor was *res adjudicata*.

Appeal from Jackson Circuit Court,—*Hon. T. J. See-
horn,* Judge.

AFFIRMED.

*E. M. Harber, City Counsellor,* and *A. F. Smith,*
Assistant City Counsellor, for appellant.

*Fyke & Snider* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted
to recover the amount it paid in settlement of a judg-
ment rendered against it in favor of one Susie Hutchin-
son. Susie Hutchinson had sustained personal injuries

by falling over sewer pipe left upon one of plaintiff's sidewalks claimed by the city to have been placed there by defendant Mullins, a contractor with plaintiff city for putting in the sewer. She brought suit against the city and this defendant Mullins, charging them both with negligence. She afterwards filed an amended petition again charging negligence against both. Thereafter she filed a second amended petition, but dropped Mullins as a defendant. Thereupon the city filed its motion asking that plaintiff therein be required to make Mullins a party defendant, as it is provided it may do by section 9108, Revised Statutes 1909. This motion so filed by the city was in proper form and properly set forth the facts constituting the liability of Mullins, as it is required to do by such statute. The plaintiff in that case then made Mullins a party, but the city claimed, did it in such way as not to state a cause of action against him. The city therefore filed another motion to require the plaintiff to make Mullins a party defendant. The plaintiff therein then filed her fourth amended petition in which she made Mullins a party with this allegation; "Plaintiff further informs the court that the defendant city has filed with this court a motion to make one W. C. Mullins a party defendant in this cause, and in obedience to said motion the plaintiff makes the said Mullins a party defendant herein for the purposes indicated in said motion." The city was not satisfied with that mode of compliance with the statute and asked the court to stay any further proceedings in the cause until plaintiff would state a cause of action against Mullins, instead of making him merely a party with nothing alleged against him, in her petition. This motion was overruled and a trial was thereafter had. At the conclusion of the evidence for plaintiff in that trial, the court gave a peremptory instruction that "under the pleadings and evidence plaintiff is not entitled to recover as against the defendant W. C. Mullins." The verdict and judgment was against the city alone and it appealed to this court where the judgment was affirmed. [Hutchinson v. Mullins, 189 Mo. App. 438.]

These and other matters in the record, disclosed that the defendant city was struggling to get and to keep Mullins in as the party really and primarily liable. The city, whether rightfully or wrongfully, was mani- festly impressed with the idea that there was some sort of understanding between the plaintiff and Mullins detrimental to its ultimate rights. If we confine our- selves to the naked allegation in Mrs. Hutchinson's petition, copied above, it was not unreasonable that the city should fear, whether rightfully or wrongfully we need not say, for our present purpose, that Mullins would escape through the neglect or the failure of Mrs. Hutchinson to state a cause of action against him in her petition. This is referred to by Judge TRIMBLE in Hutchinson v. Mullins, supra, p. 443.

. This judgment for Mullins is now pleaded as *res adjudicata* in the present action.

Where the city and a wrongdoer who is primarily liable are jointly sued by an injured party the two de- fendants are adversary parties and a judgment in favor of the property owner, is *res adjudicata* in an action by the city against him. [Kansas City v. Mitchener, 85 Mo. App. 36.] This is the ruling of the Supreme Court. [Wiggins v. St. Louis, 135 Mo. 558; Kilroy v. St. Louis, 242 Mo. 79.]

If it be true that no cause of action was stated against Mullins in the Hutchinson case, a plea of *res adjudicata* could not be maintained in his favor, for there can be no valid judgment where no cause of action is stated. Where no cause of action is stated there can be no valid issue taken and if there be no issue upon the particular matter adjudged in the judgment, there is no jurisdiction in the court to adjudge it. [Chandler v. Railroad, 251 Mo. 592, 599; Wilson v. Darrow, 223 Mo. 520, 531; Charles v. White, 214 Mo. 205-211.] In the latter case our supreme court cited the following authorities which are much in point: Vail v. Munday, 34 N. J. L. 418; McFadden v. Ross, 108 Ind. 512, 517; Waldron v. Harvey, 54 West Va. 608, 613; Sache v.

Gillette, Minn., 112 N. W. 386; Reynolds v. Stockton, 140 U. S. 254; 1 Black on Judgments, sec. 242. [Also, Stark v. Kirchgraber, 186 Mo. 633, 646; Hope v. Blair, 105 Mo. 85, 93.]

If no cause of action was stated against Mullins the record recital in the Hutchinson case purporting to be a judgment, is invalid and of no effect. So when we came to answer the city's complaints as we did in the Hutchinson case, in the *per curiam* opinion on motion to modify, we stated that we had said nothing to prevent the city from attacking the *validity* of the judgment in favor of Mullins. We did not say, and in view of the ruling of the supreme court and our own ruling in the Mitchener case, we could not have intended to say, either in the principal or *per curiam* opinion, that notwithstanding a valid judgment in Mullins favor, the city could still maintain an independent action against him.

At any rate, the city, ignoring the judgment in favor of Mullins, brought the present action against him and he pleaded that judgment in his favor as *res adjudicata.* Whether it is *res adjudicata* depends on whether a cause of action was stated against him, by Mrs. Hutchinson, a phase of the case we will now consider.

It is provided in section 9801 of the Statutes of 1909, that whenever a city of certain population is sued on a cause of action which arose from the wrongful act of a third person, who thereby became primarily liable, such city may file a motion with the court setting forth the facts, verified by affidavit, whereby such third person is liable. In such instance the plaintiff in the suit is required to join the third party as a defendant in the action "in accordance with the facts set forth in such notice (and motion) and such suit shall not be prosecuted against the city by the plaintiff until he makes the third party a codefendant." Under these provisions we think it the duty of the city to set forth in its motion the facts constituting the cause of action against the third party. That it could not have been

intended by the statute to absolutely require the plaintiff in the action to allege, in the first instance, in his petition a cause of action against such third party is apparent from the consideration that such plaintiff frequently could not know of the facts inculpating the third person, and might be wholly unable to prove them. As stated by Judge TRIMBLE in Hutchinson v. Mullins, supra, 446, the statute does not mean that the plaintiff in the case "must hunt up evidence" against the party charged as the primary wrongdoer. In such case it would be a great hardship to force him into a fruitless and costly effort to maintain his claim in order to save the city. If the city desires to protect itself against its negligence where a third party, not sued, is the original wrongdoer, it must take the initiative and the risk and state facts showing a cause of action against him in its motion. This is further shown by the provision in the aforesaid section of the statute, that if the facts set forth in the notice and motion do not make such third person liable, the plaintiff may ask the court to strike it out and if the request is granted the case is to proceed against the city alone. This suggests the question of what character of recognition plaintiff should give in his petition of the City's notice requiring that the original wrongdoer be made a party. Should he incorporate in his amended petition a formal statement of a cause of action based upon the facts of which the city has notified him? or is it sufficient to do, as was done in the present instance, merely state in such amended petition that he "informs the court that the defendant city has filed with this court a motion to make one W. C. Mullins a party defendant in this cause, and in obedience to said motion the plaintiff makes the said Mullins a party defendant herein for the purposes indicated in said motion?" By the terms of section 1857, Revised Statutes 1909, it is enacted that, "In every petition, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may

be necessary to the proper determination of the action or defense." Evidently Mrs. Hutchinson, as plaintiff in the original case, thought that the whole matter of bringing in the new party was governed by section 9801 alone, and that an amendment bringing him in by reference to the motion and "for the purposes indicated in such motion" was all that was necessary. Whether that is sufficient we need not say: but we think the safer view would be to construe sections 9801 and 1857 together, giving effect to both, and incorporate in the petition, in substance, a statement of a cause of action based on the facts disclosed in the notice, with proper reference thereto. No harm could be done by that mode, even if the course taken by plaintiff should be correct; and by that mode the entire cause of action is found in one entire pleading as required by section 1857, and the following cases: Basye v. Ambrose, 28 Mo. 39; Hagwood v. Hutton, 33 Mo. 244; Ward v. Davidson, 89 Mo. 445; Cohn v. Souders, 175 Mo. 455, 467; National Stamping Co. v. Wicks, 129 Mo. App. 382.

But in the Hutchinson case, as it is made by the notice and the amended petition referring thereto, Mullins was finally considered to be a party and the cause was tried, practically, as though the pleadings were free from all technical objection. Therefore it cannot be said that no cause of action was stated and tried against him in that case, and the judgment therein having been in his favor, it is *res adjudicata* in this case, and the trial court correctly so held.

Affirmed. All concur. *Trimble, J.,* in a separate opinion.

TRIMBLE, J., (concurring)—The main or original opinion, in the Hutchinson case (189 Mo. App. 438) was dealing with the question whether the plaintiff, Hutchinson, should lose her judgment against the city because Mullins had escaped liability therein. And the opinion holds: that since plaintiff was *not to blame* for Mullins' escape and the city *was to blame*, because if it had any evidence against him, it did not offer or seek to offer

any, therefore, the plaintiff should not be deprived of her judgment against the city. At page 448 the opinion says: "So that, plaintiff's right to a judgment against the city in this case does not depend on her right to a judgment against Mullins *if the evidence justifies the former and not the latter.*"

At page 450 the opinion says that the judgment in Mullins' favor was on account of *a lack of evidence* and that it was not because no cause of action was stated against him that the city was precluded from establishing his liability. In other words, as stated on page 451, "*plaintiff's* course" did not preclude the city "from questioning the *validity* of the judgment in favor of Mullins, so far as his liability over to the city is concerned." Hence, as *her* course did not preclude that, she ought not to suffer.

The right of plaintiff to *maintain her judgment* in that case was the only matter then before us, the city's right to a judgment against Mullins not being considered except so far only as to determine whether *plaintiff* had by *her* course interfered therewith. Hence, it was thought the opinion should not foreclose the question of whether the city could afterward proceed against Mullins or question the validity of the judgment in his favor if there were any ground upon which it could be attacked or obviated.