In an action by Lester B. Rose against the Missouri District Telegraph Company, Southwestern Bell Telephone Company and Union Electric Light Power Company, he recovered a $50,000 judgment against said defendants for personal injuries. On appeal, the judgment was affirmed for $40,000. [Rose v. Missouri District Telegraph Co., 328 Mo. 1009, 43 S.W.2d 562.] We will refer to said companies as the telegraph, telephone and light companies. The telegraph company was compelled to pay the $40,000, with interest and costs. It sued the telephone and light companies for indemnity. Judgment for defendants, and plaintiff appealed. The facts follow:
The telephone company leased to the telegraph company space for wires on a pole owned by the telephone company. It was alleged in the Rose case that a cross-arm occupied space on the pole under a lease from the telephone company, and that the light company owned the cross-arm. The light company denied ownership of the cross-arm. The jury determined the question against the light company. It was further alleged therein that a mutual arrangement existed between the companies whereby their employees were authorized *Page 459 
to climb the pole in the performance of duties to their respective companies.
Rose was an employee of the telegraph company. As such he climbed the pole. Attached to the pole was the cross-arm in question. When Rose placed his weight on the cross-arm it became detached from the pole, thereby causing him to fall and sustain injuries.
In substance it was charged in said case that the telegraph company negligently failed to furnish Rose a reasonably safe place to work, in that it failed to exercise ordinary care to inspect said cross-arm, and that as a direct result of said negligence he was injured. It also was charged that the telephone and light companies were negligent in that they knew, or by the exercise of ordinary care could have known of the defective condition of the cross-arm; that they negligently permitted it to remain on the pole in said condition for a long time prior to Rose's injuries, and that as a direct result of said negligence he was injured.
The answer of the telephone company was a general denial. The answer of the light company was a general denial, with a plea of contributory negligence. The answer of the telegraph company was a general denial with pleas of contributory negligence and assumption of risk. The reply was a general denial.
Rose only requested an instruction on the measure of damages, which was given by the court. There was no instruction directing the jury on plaintiff's theory of the case. The court also instructed the jury on the issue of contributory negligence.
In the instant case the petition, in substance, alleged the facts above set forth; pleaded in haec verba the pleadings in the Rose case; set forth the duties of the companies as charged in said case; alleged an adjudication of the negligence of the telegraph, telephone and light companies, as charged herein and as charged in the Rose case; alleged the expenses incurred in the trial of the Rose case and refusal of the telephone and light companies to reimburse the telegraph company, and prayed judgment for indemnity.
The answer of the telephone company was a general denial, with pleas that the telegraph company agreed to indemnify the telephone company against judgments in favor of persons using the pole as a plant facility of the telegraph company; that the light company maintained the cross-arm in question on the pole under agreement with the telephone company; that under said agreements the relation of the telegraph company to the telephone company was separate and distinct from the relation of the light company to the telegraph company; that there was a defect of parties defendant, and that the liability, if any, of the defendants herein is several and not joint. Wherefore, the telephone company prayed to be dismissed with costs.
It further answered by way of counterclaim for expenses incurred in its defense of the Rose case, for which it asked judgment with costs. *Page 460 
The answer of the light company was a general denial, with specific denials of any connection with the cross-arm, and a plea of defect of parties defendant herein as above set forth. Wherefore, it prayed to be dismissed with costs. The replies of plaintiff telegraph company were general denials.
To sustain the issues on the part of the telegraph company, there was admitted in evidence a stipulation signed by the parties. In substance, facts are therein agreed to be as above set forth. The entire record of the Rose case, including the bill of exceptions, was then admitted in evidence. This was all the evidence on behalf of the telegraph company. Certain exhibits were admitted in evidence on behalf of the light company. This was all the evidence in the case. The telephone company dismissed its counterclaim Thereupon the court declared that under the pleadings and the evidence, the plaintiff telegraph company was not entitled to recover.
[1] The record does not disclose the contention of the telegraph company in the trial court. In this court it contends that the trial court should have determined from the record in the Rose case the question of primary and secondary liability as between the defendants in the Rose case. In other words, it contends that the defendants in the Rose case, as between themselves, are concluded by the record and judgment in said case. We do not think so The defendants in said case were not adversaries. The rule is stated by a standard text as follows:
"Although a judgment is conclusive upon all the parties to the action, so that no one can allege anything contrary to it merely because his coplaintiff or codefendant is not joined with him in the second suit, and a judgment against two or more defendants is conclusive on them as against plaintiff, and likewise a judgment in favor of two or more defendants is conclusive on plaintiff as against them, yet, as the estoppel is raised only between those who were adverse parties in the former suits, the judgment therein settles nothing as to the relative rights of liabilities of the coplaintiffs or codefendants inter sese, unless their hostile or conflicting claims were actually brought in issue, litigated, and determined, as by being put in issue by cross-petition or separate and adverse answers, or, where this is permissible, by the pleadings between plaintiffs and defendants, or unless, under statute, the coparties occupy adversary positions." [34 C.J., pp. 1040, 1042.]
The text is supported by decisions as follows: Scheer v. Trust Co., 330 Mo. 149, l.c. 169, 49 S.W.2d 135; M., K. T. Ry. Co. v. Am. Surety Co., 291 Mo. 92, l.c. 109, 236 S.W. 657; Peters v. St. Louis, 226 Mo. 62, l.c. 75, 125 S.W. 1134; Charles v. White,214 Mo. 187, l.c. 211, 112 S.W. 545; State Bank of St. Louis v. Bartle, 114 Mo. 276, l.c. 281, 21 S.W. 816; McMahon v. Geiger,73 Mo. 145; City of Springfield v. Plummer, 89 Mo. App. 515. In *Page 461 
this connection it may be stated that the mere effort of a defendant to escape liability by attempting to "throw the burden on a codefendant" does not make the defendants adversaries.
[2] Furthermore, "in an action upon a different claim or demand only those facts or matters are conclusively established by the former adjudication which are essential to, or shown to be involved in, the judgment or decree rendered." [34 C.J. 745, 746.] The determination of the primary and secondary liability of the defendants in the Rose case was not essential to or involved in the judgment in said case.
Furthermore, the provision in Section 1071, Revised Statutes 1929, that the judgment may determine the ultimate rights of the parties on each side as between themselves does not make codefendants adversaries. The rule is stated as follows:
"The judgment in favor of one defendant against another as authorized in the statute is such as is responsive to the issues which the statutes above quoted authorize to be made in the pleadings. The statutes relating to pleadings do not authorize one defendant to inject into the plaintiff's suit an independent suit either at law or in equity against his codefendant not necessary or germane to his defense to the plaintiff's suit, and the relief that may be granted to one defendant against another is only such as is incidental to his defense." [Joyce v. Growney,154 Mo. 253, l.c. 264, 265, 55 S.W. 466; Fulton v. Fisher,239 Mo. 116, l.c. 130, 143 S.W. 438; Early v. Smallwood, 302 Mo. 92, l.c. 109, 256 S.W. 1053; Scheer v. Trust Co., 330 Mo. 149, l.c. 169, 49 S.W.2d 135; Babcock v. Rieger, 332 Mo. 528, l.c. 542,58 S.W.2d 722.]
The telegraph company cites Kinlock Telephone Co. v. St. Louis,268 Mo. 485, 188 S.W. 182, and Gerber v. Kansas City, 311 Mo. 49,277 S.W. 562.
[3] The Kinloch case was under Section 3268, Revised Statutes 1929, for contribution. We ruled that "ordinarily, and in the absence of anything further, a judgment sounding in tort would, under the statute (Sec. 3268), be a prima facie showing for contribution as between defendants." The St. Louis Court of Appeals so ruled in Eaton Prince Co. v. Trust Co.,123 Mo. App. 117, l.c. 138, 100 S.W. 551. The instant case is an action at common law for indemnity. It follows that the Kinloch case is not authority for the contention that the trial court should have determined from the record in the Rose case the question of primary and secondary liability.
In the course of the opinion in the Gerber case we construed Section 7539, Revised Statutes 1929. In substance, the section provides that when a city of over one hundred fifty thousand inhabitants is sued for the primary negligence of another, it may move to require plaintiff to make such other a party defendant in said suit. We held in said case that the section dispenses with notice of opportunity *Page 462 
to defend; that it allows proof on the question of primary and secondary negligence as between defendants, and that it makes the city and the other defendant adversary parties. In other words, the section creates an exception to the general rule. It has been so ruled in cases as follows: Costello v. Kansas City,209 Mo. App. 155, l.c. 159, 160, 232 S.W. 165; Hutchinson v. Mullins,189 Mo. App. 438, 176 S.W. 1083; Kansas City v. Mullins,200 Mo. App. 639, l.c. 641, 642, 644, 209 S.W. 558; Klaber v. Kansas City,223 Mo. App. 684, l.c. 693-5; O'Rourke v. Lindell Ry. Co.,142 Mo. 342, l.c. 352-4, 44 S.W. 254; Wiggin v. St. Louis, 135 Mo. 558, l.c. 567, 37 S.W. 528; Badgley v. St. Louis, 149 Mo. 122, l.c. 132-3, 50 S.W. 817; Kilroy v. St. Louis, 242 Mo. 79, l.c. 84, 145 S.W. 769; Beave v. Transit Co., 212 Mo. 331, l.c. 355, 111 S.W. 52; Clark v. Railroad Co., 234 Mo. 396, l.c. 424, 137 S.W. 583; Leighton v. Davis, 260 S.W. 986, l.c. 989; Neal v. Curtis Mfg. Co., 328 Mo. 389, l.c. 411, 412, 41 S.W.2d 543. The Gerber case is against the contention of the telegraph company.
[4] The telegraph company next contends that the telephone and light companies are concluded by the judgment in the Rose case for the reason they were codefendants in said case. The rule is stated as follows: "Where one is bound to protect another from a liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation and opportunity to control and manage it. This is the doctrine deduced from the whole current of authorities on the subject." [Strong v. Phoenix Ins. Co., 62 Mo. 289, l.c. 295.] To the same effect, Stewart v. Thomas, 45 Mo. 42; Garrison v. Baggage Trans. Co., 94 Mo. 130, l.c. 137, 6 S.W. 701; Whitaker v. McCormick, 6 Mo. App. l.c. 116, 117; City of Columbia v. Malo, 217 S.W. 625, l.c. 628; City of Springfield v. Plummer, 89 Mo. App. 515, l.c. 532; Bank of Commerce v. Maryland Casualty Co., 307 Mo. 417, l.c. 435, 270 S.W. 691; City of St. Joseph v. Union Ry. Co.,116 Mo. 636, l.c. 643, 22 S.W. 794.
And in Wheelock v. Overshiner, 110 Mo. 100, l.c. 107, 19 S.W. 640, we said: "In order to conclude a warranty by a judgment of eviction `the notice must be distinct and unequivocal, and expressly require the party bound by the covenant to appear and defend the adverse suit.' [Rawle on Covenants for Title (5 Ed.), sec. 125.]" It is not contended that the telephone and light companies were given an opportunity to control and manage the defense of the telegraph company in the Rose case. On the contrary the defendants in said case made independent defenses.
The telegraph company cites Robbins v. Chicago City, 4 Wall. 657; Fulton County G. E. Co. v. Hudson River T. Co., 200 N.Y. 287; Washington Gas Co. v. Dist. of Columbia, 161 U.S. 316; First Natl. Bank of Mt. Vernon, Ohio, v. First Natl. Bank, Lincoln, *Page 463 
Ill., 67 N.E. 91, and Norfolk W. Ry. Co. v. Mundy, 66 S.E. 61. Those cases seem to hold that if a party liable over merely assists in preparing a defense, he is concluded by the judgment. The ruling is contrary to the weight of authority. [1 Freeman on Judgments (5 Ed.), p. 984; Black on Judgments, sec. 574; 31 C.J., pp. 463-4; 34 C.J., p. 1032.] However, there is no evidence tending to show that the telephone and light companies assisted the telegraph company in its defense of the Rose case.
[5] The telegraph company next contends that if not entitled to indemnity, it is entitled to contribution. The question is not presented by the record. The action was for indemnity, and the telephone and light companies have had no opportunity to defend against contribution.
The judgment should be affirmed. It is so ordered. All concur.