Ernest **HARRIS**, Father and Natural Guardian of Donald Wayne Harris, Deceased, Appellant,

v.

**CITY OF PLEASANT VALLEY,** Missouri, Respondent.

No. WD 39228.

Missouri Court of Appeals, Western District.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1988.

Application to Transfer Denied May 17, 1988.

Don B. Roberson, Kansas City, for appellant.

Lance W. Lefevre, Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

NUGENT, Presiding Judge.

Plaintiff Ernest Harris, father and natural guardian of Donald Wayne Harris, deceased, appeals from the trial court's dismissal for failure to state a claim upon which relief could be granted. We reverse and remand.

Ernest Harris filed a wrongful death action against the City of Pleasant Valley (other defendants were disposed of earlier). Donald Wayne Harris, plaintiff's son, was killed on March 19, 1985, when a motorcycle he was driving collided with a stalled semi-tractor trailer near the South Brookside intersection in Pleasant Valley at approximately 7:16 a.m. The semi was disabled and blocked both lanes of traffic. Defendant admitted in its answer that it had been informed of the disabled truck.

The defendant filed a motion to dismiss plaintiff's petition on the ground that the plaintiff had no cause of action for injuries sustained as a result of the alleged breach of a public duty to the community as a whole. The trial court dismissed the petition on March 4, 1987, and this appeal followed.

Plaintiff argues that the trial court erred in dismissing his petition because he made a submissible case of negligence against the city for failure to keep the street free of obstructions for reasonably safe travel.

"Where a petition is attacked by a motion to dismiss for failure to state a claim, the facts alleged are taken as true and the pleader is entitled to all favorable inferences therefrom; if the facts pleaded and the reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's viewpoint, show any ground for relief, then the petition should not be dismissed." *Trotter v. Sirinek*, 515 S.W.2d 67, 67–68 (Mo.App.1974); *Johnson v. Great Heritage Life Insurance Co.*, 490 S.W.2d 686, 690 (Mo.App.1973). Therefore, we view the pleadings in the light most favorable to the plaintiff.

Defendant concedes that the law imposes a duty on a municipality to keep its streets free of obstructions. "A city owns and controls its streets as a trustee for the public. It, therefore, stands charged by the law with the primary and bounded duty of keeping them free from nuisances, defects, and obstructions caused by itself or by third parties if it (in the latter instance) had actual or constructive notice thereof in time to abate the nuisance, remove the obstructions, or repair the defect." *Benton v. City of St. Louis*, 217 Mo. 687, 118 S.W. 418, 421 (1909).

■ Defendant argues, however, that plaintiff failed to allege when the truck became disabled or when the city had actual or constructive notice of the obstruction. In his amended petition, plaintiff alleges that the defendant was negligent in permitting the obstruction to remain and that the defendant "knew all the foregoing facts and conditions in time by the exercise of ordinary care to have remedied the obstructions on Pleasant Valley Road before the occurrence...." By alleging that the city knew of the problem in time to remedy it, the plaintiff alleges the element of time. A more precise allegation is not required. "No fixed rule can be established as to the exact length of time a defect must have continued to justify the presumption of knowledge in time to have remedied it before the injury occurred, but each case will depend on the facts peculiar to it. Such period would necessarily vary and depend on the conspicuity of the defect and the amount of travel upon or extent to which the street is used." *DePung v. City of St. Louis*, 425 S.W.2d 509, 512 (Mo.App.1968). Defendant admitted in its amended answer that it had been informed of the disabled vehicle. Whether sufficient time had elapsed to constitute negligence on the part of the defendant then became a question for the trier of fact.

Defendant argues that *Spotts v. City of Kansas City*, 728 S.W.2d 242 (Mo.App.

1987), controls. In that case plaintiff Gail Spotts was a passenger in a car which was rear-ended by defendant Mark Cecil. At the time of that collision, Ms. Spotts' car was stopped in the street because of earlier accident there; no flares had been set on that street nor had it been barricaded. She sued the City of Kansas City, among other defendants, for failure to keep its streets in a reasonably safe condition and free of obstructions. A breach of that duty is not protected by sovereign immunity. *Spotts, supra,* at 246. This court ruled that the obstructions in that case were the emergency vehicles and the aftermath of the first accident and that the essence of plaintiffs' claim was that the city "failed to redirect and regulate traffic to avoid the obstruction resulting from the first accident." *Id.* at 246. The *ratio decidendi* of our decision in *Spotts* is that plaintiffs did not claim that the obstruction itself caused the second accident. We held, therefore, that the *Spotts* claim was more analogous to cases involving traffic regulations, a governmental act performed for the common good of all and protected under the doctrine of sovereign immunity. *Id.* at 246.

The present case is distinguishable from *Spotts* on its facts. In this case the plaintiff does claim that the accident was caused by the obstruction and that the defendant had knowledge of the obstruction in time to have remedied the problem. In *Spotts* the issue revolved around traffic direction at an accident, a governmental function; however, in the present case the issue stated is whether the city knew of the obstruction in time to have remedied the situation and, thereby, prevented Donald W. Harris from colliding with the disabled truck. Missouri has a long history of cases pointing to liability when city streets are obstructed. *See, e.g., Mengel v. City of St. Louis,* 341 Mo. 994, 111 S.W.2d 5, 8 (1937); *Hunt v. City of St. Louis,* 278 Mo. 213, 211 S.W. 673, 677 (1919); *Hutchinson v. Mullins,* 189 Mo.App. 438, 176 S.W. 1083, 1088 (1915).

Plaintiff pleaded that the city knew of the obstruction "in time" by the exercise of ordinary care to have remedied the problem. Whether it did is a question for the trier of fact; plaintiff should be granted the opportunity to present his evidence so that the issue can be determined.

We reverse and remand for further proceedings.

All concur.