JAMES J. KILROY v. CITY OF ST. LOUIS, ADAM WACKMAN, and ST. LOUIS BREWING AS- SOCIATION; ST. LOUIS BREWING ASSOCI- ATION, Appellant.

### Division One, March 29, 1912.

1. **JOINT TORTFEASORS: Nonsuit as to One: Motion by Other to Set Aside.** Where the owner of the property, the lessee in possession and the city have been joined as defendants, in a suit for damages to a pedestrian on the sidewalk, and, after demurrers to the evidence offered by the property-owner and the lessee have been sustained, the plaintiff has taken a non- suit with leave as to them, the city, though a joint tortfeasor, has the right to move to have the nonsuit set aside as to the lessee or other codefendant, and that right it has under the statute (Sec. 9801, R. S. 1909) though the plaintiff filed no motion to set aside the nonsuit.

2. **SIDEWALK: Possession of Premises: Liability.** Where the abutting property is leased and has been for twenty years, yet is in the actual occupancy of a subtenant, it is the sub- tenant and not the lessee, if either, that is liable for damages for injury to a pedestrian due to a defective sidewalk. In such case the lessee is in constructive possession only, and not actual possession, and the liability attaches to the one whose duty it is to keep the premises in order, and that duty devolves upon him who is in actual occupancy with immediate control of the premises.

3. ————: ————: **Liability of City.** Although the lessee of the abutting premises may not be liable for injuries to a pedestrian due to a defective covering of a coal chute in the sidewalk, because not in actual possession of the premises, and a demurrer may properly be sustained as to it on that ground, yet the city may be liable, and a nonsuit as to the lessee, though properly upheld on that ground, does not relieve the city of its liability.

Appeal from St. Louis City Circuit Court.—*Hon. W. M. Kinsey*, Judge.

REVERSED AND REMANDED (*with directions*).

*Kehr & Tittman* and *Marion C. Early* for appellant.

(1) The abutting owner has the right to construct and maintain a cellar opening in the sidewalk and he incurs no liability by placing and maintaining it there, provided the sidewalk is left and kept in reasonably safe condition for public travel. Fehlhauer v. City, 178 Mo. 635; Gordon v. Peltzer, 56 Mo. App. 599; Jegglin v. Roeder, 79 Mo. App. 434. (2) The action is for alleged negligence in allowing the covering or grating of the coal chute to become worn and defective. For such negligence, if any there be, the occupant at the time of the injury is alone liable. (3) The plaintiff's son was guilty of contributory negligence in the occurrence complained of and hence plaintiff was properly nonsuited.

*Lambert E. Walther, Robert Burkham, J. O'More* and *D. J. O'Keefe* for respondent.

(1) The city had the right to move that the nonsuit ordered as to its codefendants be set aside. Dillon on Mun. Corp. (5 Ed.), sec. 1725; Perringo v. St. Louis, 185 Mo. 274; Reedy v. Brewing Ass'n, 161 Mo. 523; Carvin v. St. Louis, 151 Mo. 334; Wiggin v. St. Louis, 135 Mo. 558; Benjamin v. Railroad, 133 Mo. 274; Christman v. Meierhoffer, 116 Mo. App. 46; Dillon on Mun. Corp. (5 Ed.), sec. 1728; R. S. 1909, sec. 9801. (2) The court should not have nonsuited as to appellant (without at the same time nonsuiting as to the city) for: (a) There was evidence that appellant was in possession of the premises at the time of the injury and that it was therefore responsible for the defective condition complained of; (b) There was evidence that the dangerous condition had existed for some time prior to the date of the injury and therefore appellant was liable unless it appeared that the defective condition arose subsequent to any letting. Tate v. Railroad, 64 Mo. 149; Mancuso v. City, 74 Mo. App.

138; Stoetzele v. Swearingen, 90 Mo. App. 588; Gordon v. Peltzer, 56 Mo. App. 599.

VALLIANT, J.—Plaintiff's minor son fell through a hole in the sidewalk and received injuries to his person. The plaintiff sues for damages to cover the loss of his son's services and the expenses incurred in treating him for his injuries. The defendants are Adam Wackman, the owner of the abutting property; St. Louis Brewing Association, alleged to be the lessee in possession; and the city of St. Louis, the proprietor of the street. The theory of the plaintiff's petition is that the city is liable because it owns the street and is charged with the duty of exercising ordinary care to keep it in a reasonably safe condition for persons passing along it; that Wackman, the owner, is liable because he caused the hole to be made in the sidewalk; and the Brewing Association is liable because, as tenant in possession, it maintained the hole in an unsafe condition.

The cause came on for trial before the court and jury; at the conclusion of the plaintiff's evidence each of the defendants asked an instruction in the nature of a demurrer to the evidence; the court gave an instruction asked by Wackman, and also that asked by the Brewing Association, but overruled that asked by the city. The plaintiff took a nonsuit with leave as to Wackman and the Brewing Association. Thereupon the city asked leave to file a motion to set aside the nonsuit as to the Brewing Association, which leave the court granted and on a further motion of the city the court granted it a continuance of the cause. The plaintiff did not file a motion to set aside the nonsuit as to either defendant. Within four days the city filed a motion to set aside the nonsuit as to the Brewing Association, which motion the court sustained and from that order the Brewing Association prosecutes this appeal.

242 Sup.—6

I. The first question is, assuming that it was error to have given the instruction looking to a nonsuit in favor of the Brewing Association, had the city a right to move to set the nonsuit aside?

The general rule of law is that in case of joint tortfeasors they are jointly and severally liable, and the party wronged may sue them all in an action or he may sue one or more of them as he sees fit, and the one sued has no right to complain that the others are not sued, because each is liable to the plaintiff for the wrong done by all. And, for the same reason, if all the joint tortfeasors are sued in one action the plaintiff may, if he sees fit, dismiss his suit as to all but one and that one would have no right to complain. And, as a general rule, if judgment goes against one of several joint tortfeasors, he has no right of contribution from the others. "The general rule may be found in the maxim that no man can make his own misconduct the ground for an action in his own favor. If he suffers because of his own wrongdoing the law will not relieve him. The law cannot recognize equities as springing from a wrong in favor of one concerned in committing it. But there are some exceptions to the general rule which rest upon reasons at least as forcible as those which support the rule itself. There are cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet as between themselves some of them may not be wrongdoers at all, and their equity to require the others to respond for all the damages may be complete. There are many such cases where the wrongs are unintentional, or where the party, by the reason of some relation, is made chargeable with the conduct of others." [Cooley on Torts (3 Ed.), p. 254.] In a case like this it was recognized that the city might come within that exception and might have a right to its action against a codefendant for contribution or reimbursement. [Wiggin v. St. Louis, 135 Mo. 558.]

In that case the city and the owner of the property abutting on the street were sued as joint wrongdoers; there was a judgment in favor of the property owner and against the city alone; the city appealed and one of the questions was, could the city complain of the judgment in favor if its codefendant? It was held that whilst the property owner and the city had a common defense as to certain features of the case, yet they were antagonists on the question of primary liability for the plaintiff's injuries, and that since the judgment in favor of the city's codefendant would, unless reversed on appeal or writ of error, be conclusive against both the plaintiff and the city, and effectually bar the city's right of action over against its codefendant, therefore it was held that the city could appeal from that judgment. The theory of that case is that although the city was liable to the plaintiff, yet if the negligence of the property owner was the primary cause of the injury, the city had the right to satisfy the judgment and then sue the property owner for the amount it had been forced to pay. In that case the court discussed a section of the city charter, section 9, article 16, which is to the effect that in a case of this kind where the city is liable for the negligent or wrongful act of another and that other is also liable, the plaintiff cannot sue the city unless he joins the other party also, and if judgment goes against both, satisfaction shall not be had of the city if it can be obtained of the other. But that section of the city charter has since been declared unconstitutional by this court. [Badgley v. St. Louis, 149 Mo. 122.] In that case it was said that whilst the Constitution gave the city of St. Louis authority to adopt a charter of its own making yet it was only for the purpose of city government, and the charter so formed was required to be "in harmony with and subject to the Constitution and laws of Missouri," and it could not regulate the practice and proceedings in the State courts. But

the General Assembly in 1901 (Laws 1901, p. 78) passed what is now section 9801, Revised Statutes 1909, applicable to all cities having over 150,000 inhabitants, which provides that when the city is sued in such case it may require the person or corporation which committed the act complained of to be joined as a party defendant, if he is within reach of the process of the court. This statute only gives the city the right to require the plaintiff to do what he might have done without being required if he had so chosen; the effect of the judgment rendered for or against one or both defendants is the same whether they were joined because the plaintiff so preferred or under constraint of the statute. In either event the judgment in favor of one and against the other would be binding on all and would bar the city's right of action against its codefendant, unless reversed on appeal or writ of error; hence when the city in such case appeals from the judgment against it, it has the right to assign for error the rulings on which the judgment in favor of its codefendant were based. Therefore, the city had the right in this case to move the trial court to set aside the judgment of nonsuit in favor of the Brewing Association, and when the court sustained the motion it opened the issues as to that defendant for a new trial, at least so far as affects the city's rights against that defendant. Although the plaintiff has joined the property owner and the city as codefendants, yet his right to a judgment against the city does not depend on his right to a judgment against the property owner if the evidence justifies one and does not justify the other. His failure to except to the ruling of the court which forced him to take a nonsuit as to the Brewing Association precludes him from a judgment in this case against that defendant, but does not preclude the city from preserving its right of action against that defendant by showing, if it can, that the evidence did

not justify the ruling of the court in forcing the non-suit.

II.  We turn now to the facts of the case.  Plaintiff's son, fourteen years old, May 26, 1905, passing along the north side of Clark avenue in front of building No. 1629, stepped on what the witnesses call a man-hole in the sidewalk, the cover of which broke, yielding to his weight, and he fell through the hole into the cellar and received injuries to his person.  The hole was made for a coal chute, through which the occupant of the building received his coal.  As to the condition of the cover, or grating, that covered the hole, the testimony was to the following effect:  Defendant Wackman, called as a witness by plaintiff, testified that he was the owner of the building, had had it built, and the coal chute was constructed at the same time by the contractor who built the house; that in 1904 he leased the premises to the Brewing Association, who caused a new front to be put into the building and a new cover or grating over the coal chute; the grating was substantially constructed, the frame of cedar and the slats of oak; it would naturally last twenty years.  Witness observed it about three weeks before the accident and it was then in good condition.  The plaintiff testified that he had passed the premises four to six times a day for three months prior to the accident and had observed for that space of time the grating was in bad order, the slats worn and in a dangerous condition.  The boy testified that just before stepping on the slats he noticed them and they seemed in good condition.  But as to the condition of the grating the prominent fact is that when the boy stepped on it, it broke and he fell through the hole.  If it had been in good condition it would not have broken with the weight of an ordinary person.  Wackman testified that at the date of the accident the Brewing Association was lessee in possession of the prem-

ises and had been for twenty years, but he also testified that the building at the time of the accident was in the occupancy of a subtenant of the Brewing Association who kept a saloon and boarding house in it.

The only statement in the petition on which the Brewing Association is sought to be held liable is that it was in possession of the premises, had control of the coal chute and was in duty bound to see that it was kept in a reasonably safe condition for persons passing over it, but that in disregard of that duty it suffered the coal chute to become and remain in a dangerous condition. Although the Brewing Association was lessee yet if the premises were in the actual possession and occupancy of a subtenant, it would not be liable under the theory of the petition. The only witness on this point was Wackman. Part of his testimony seems to conflict with another part. In his examination in chief he was asked who was tenant of the premises during the year 1905; he answered the Brewing Association; asked if it made use of the coal chute, he answered he did not know; asked if they had possession during the first half of the year 1905, he answered, "They were, they have had a lease on the property for twenty years." Witness then produced the lease. In view of his testimony on cross-examination it is evident that when he said the Brewing Association was in possession he meant the constructive possession that follows the lease; it was in possession because it had had a lease for twenty years. The witness was a defendant in the suit himself and was very willing to throw the responsibility off his own shoulders; the Brewing Association was his lessee and therefore it was in possession. Whether or not a party is in possession is often a mixed question of law and fact. The owner of a house is in contemplation of law for certain purposes in possession, although it is actually occupied by his tenant. But when the inquiry is, whose duty was it to keep the premises in order? the answer

is, it was his duty who was in actual occupancy with immediate control of the same. When Wackman on cross-examination was asked who was in the occupancy of the building at the time of the accident his answer was: ''Why the brewery had a subtenant in there; I forget—I never learned his name, but I know that he was a saloon keeper, running a saloon and boarding house, occupied that building. Q. In other words 1629 and 1631 were occupied by a saloon keeper? A. Occupied by a saloon keeper, yes; a boarding house keeper.'' The testimony shows the distinction that was in the witness's mind between technical possession, and actual occupancy.

The burden of proving that the Brewing Association was in the actual possession of the premises was on the plaintiff and the above is all the evidence that there was on that point.

Under the evidence the court was justified in giving the instruction that as to the Brewing Association the plaintiff was not entitled to recover, and it was therefore error to have sustained the city's motion to set aside the nonsuit.

III.   Counsel for the city contends that if the instruction in favor of the Brewing Association was right, for the same reason the instruction for a nonsuit asked by the city should also have been given, the one following as a consequence of the other.

If the evidence had shown that the Brewing Association was in the occupancy of the building yet the instruction for a nonsuit was given because it was not shown that the grating over the coal chute was in bad order, the city's contention would be correct, but that was not the case; the Brewing Association was let off because the evidence did not show that it was in the occupancy of the building.

The order of the trial court sustaining the city's motion to set aside the nonsuit as to the Brewing

Association is reversed, and the cause remanded to the circuit court with directions to overrule that motion, and proceed to try the cause.  All concur.