L. J. COHEN et al., Respondents, v. ST. LOUIS MER-
    CHANTS BRIDGE TERMINAL RAILWAY
    COMPANY, Appellant.

St. Louis Court of Appeals, January 4, 1916.

1. COMMON CARRIERS: Action by Shipper for Conversion:
    Sufficiency of Evidence. In an action against a carrier to re-
    cover the value of scrap brass delivered to it by plaintiff for
    transportation, defended on the ground that plaintiff did not
    own the brass and that defendant had allowed it to be taken by

the true owner, evidence *held* sufficient to warrant a finding that plaintiff was the owner of the brass, so as to make the question one for the jury.

2. **APPELLATE PRACTICE:** Conclusiveness of Verdict. A verdict rendered on conflicting evidence is conclusive, on appeal.

3. **COMMON CARRIERS: Action by Shipper for Conversion: Defenses Based on Municipal Ordinances.** In an action against a carrier to recover the value of scrap brass delivered to it by plaintiff for transportation, a demurrer to defenses pleaded in the answer predicated on municipal ordinances providing that the burden of proof should be upon a person conducting a junk shop, to prove the name and residence of his vendor, and requiring junk dealers to have licenses, was properly sustained, since the city could not, by ordinance, in any wise change the rules of evidence nor prescribe any procedure in the State courts contrary to the general State laws.

4. **MUNICIPAL CORPORATIONS:** Ordinances: Prescribing Rules of Evidence and Procedure. A city has no authority to establish, by ordinance, rules of evidence, or prescribe the practice or procedure in State courts, contrary to and out of harmony with the general State laws relating thereto.

5. **APPELLATE PRACTICE:** Binding Effect of Trial Theory. One who tries a case upon the theory that certain facts, if established, will constitute a defense, will not be heard to contend, on appeal, that such facts do not constitute a defense.

6. **INSTRUCTIONS: Credibility of Witnesses.** Where there is a conflict in the testimony of the witnesses, an instruction that if the jury believe any witness knowingly swore falsely to any fact material to the issues, they are at liberty to reject all or any part of his testimony, is proper.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

AFFIRMED.

*T. M. Pierce, J. L. Howell* and *W. M. Hezel* for appellant.

(1) The court erred in sustaining plaintiff's demurrer to parts of defendant's answer. The ordinance does not change the rules of evidence as such, but sets forth the terms and conditions under which a junk merchant may do business in the city of St. Louis and the condition requiring a license is another condition

required by the ordinance. The city of St. Louis under its Charter had the right to pass such an ordinance. Clause 5, section 25, article 3, Charter of city of St. Louis; Clause 14, section 26, article 3, Charter of city of St. Louis; City v. Howard, 119 Mo. 41; City of St. Louis v. Fischer, 167 Mo. 663; Kansas City v. Oil Co., 140 Mo. 458; Railroad Co. v. Kirkwood, 159 Mo. 252; St. Louis v. Construction Co., 224 Mo. 479; Rosenthal v. New York, 227 U. S. 271. (2) The court erred in giving instructions as to the credibility of witnesses. Keeline v. Sealy, 257 Mo. 527.

*Louis Mayer* and *Malcolm I. Frank* for respondents.

(1) Ordinance No. 24751 of the city of St. Louis, being section 2163 of Rombauer's Revised Code, 1912, of the city of St. Louis, is void, because—(a) The city of St. Louis has no power or authority under its Charter to make or establish rules of evidence contrary to the established laws of the State. Dixon v. Mayer, 186 Ill. App. 247; McNulty v. Toopf, 116 Kentucky 202, 75 S. W. 258; 2 Dillon on Municipal Corporations (5 Ed.), section 643; McQuillan on Municipal Ordinances, section 219, note 9; McQuillan on Municipal Corporations, section 649; Horr & Bemis on Municipal Police Ordinances, section 6 and 7; Charleston v. Dunn, 1 McCord 33; Fitch v. Pinckhard, 5 Ills. 76; In re Wong Hane, 108 Cal. 680, 41 Pac. 693. (b) Said ordinance invades the province of general legislation and attempts to change the policy of the State as declared in her laws for the people at large and changes the substantive law by casting the burden of proof as to the ownership of the goods here in controversy on this respondent. Badgly v. City of St. Louis, 149 Mo. 131; Kansas City v. Marsh Oil Co., 140 Mo. 458; Kilroy v. St. Louis, 242 Mo., 83; Wiggins v. St. Louis, 135 Mo. 558. (2) But even conceding the validity of said or-

dinance for the purpose of this argument, yet the alleged violation of said ordinance by respondents would not defeat respondents' rights to recovery, because— (a) Appellant claimed no interest or title to the goods here in controversy, alleging the title to same in various other railroads, with whom it had no privity. Coppedge v. M. K. Goetz B. Co., 67 Kan. 851, 39 Pac. 908; Blackburn v. Southwest Mo. Ry. Co., 167 S. W. 458; Reed v. Railroad Co., 50 Mo. App. 504; Phelan v. Paving Co., 227 Mo. 666, 127 S. W. 318; Platz v. City of Cohoes, 89 N. Y. 219. (b) The property of even a trespasser cannot be taken, injured or destroyed without liability for the consequences. Brown v. Lynn, 31 Pa. (Casey) 510. (3) The duty of appellant to respondent is like any other bailee and the carrier must respect the apparent ownership of the shipper from whom he receives possession and cannot question the shipper's right to the goods, in case the transaction is not such as to impart a transfer of title to the consignee, although as a matter of fact the shipper is not the real owner. 6 Cyc. pages 434 and 435. (4) Where the testimony was conflicting on the most important issues in the case, a cautionary instruction that if the jury believe that any witness had knowingly sworn falsely to any fact material to the issue they were at liberty to reject all or any portion of his testimony was within the discretion of the court. Price v. Hiram Lloyd Bldg. & C. Co., 177 S. W. 700; Schuler v. Insurance Co., 176 S. W. 274; Hartpence v. Rogers, 143 Mo. 634.

ALLEN, J.—This is an action, instituted against appellant and certain other companies, to recover the value of certain "scrap brass" delivered by plaintiffs to appellant, a common carrier, in the city of St. Louis, on May 1, 1913, to be delivered by appellant to the Chicago & Alton Railroad Company for transporta-

tion over the latter's line of railway, and to be delivered to another railway company for transportation
to its final destination, to-wit, Michigan City, Indiana.
The brasses, packed in barrels, were loaded into a
freight car, provided by appellant, but while the car
remained in appellant's custody, in the city of St. Louis, appellant permitted representatives of certain railroad companies to enter the same and take therefrom
various brasses, consisting of old journal bearings
used in railroad cars. The brasses so taken from the
car were stamped with certain initials or marks employed by the respective railroad companies to identify brasses of this character used upon their cars, and
were claimed to be the property of such railroad companies.

It is conceded that the various railroad companies
in question were freely permitted to take from this
car the brasses which they claimed to own. And it is
asserted as a defense that the property, for the value
of which plaintiff sues, was in fact delivered to the true
owners thereof. In defense the defendants also set
up and relied upon an ordinance of the city of St. Louis, providing that the burden of proof shall be upon a
person conducting a junk shop to prove the name and
residence of his vendor (Section 2163, Revised Code of
the city of St. Louis, Rombauer, 1912), and an ordinance requiring junk dealers to have a license.

Plaintiffs demurred to this answer. The court
overruled the demurrer as to that portion of the answer averring that defendants had in fact caused the
goods in question to be delivered to the real owners
thereof. The demurrer was sustained as to those portions of the answer which set up the above-mentioned
ordinances in defense. Exceptions were duly preserved to the action of the court in sustaining the demurrer to said portions of the answer; and upon the

trial appellant's counsel offered the ordinances in evidence, but they were excluded.

The cause was tried before the court and a jury and at the close of plaintiff's case the court directed a verdict in favor of all of the defendants except this appellant. The cause thereupon proceeded, appellant adducing evidence in support of the one defense which it was permitted to assert, and resulted in a verdict and judgment for plaintiff.

The issue tried was whether plaintiffs were in fact the owners of the property which they delivered to appellant, and which was permitted to be taken from its custody by certain railroad companies, or whether in fact the title to such property was vested in the latter companies. Upon this issue plaintiffs' evidence went to prove the purchase of the brasses by plaintiffs in the usual course of business; and that they purchased such materials in large quantities from foundries and regular dealers therein, and not in small lots by wagon delivery or from local junk dealers. Most of the car brasses were old, i. e., brasses that had been worn, though there is much conflict in the testimony as to their condition. From the evidence it appears that there were some new brasses in the car, and plaintiffs' evidence goes to show that certain new brasses were placed therein which plaintiffs had purchased from a manufacturer of such brasses. However, it does not appear that those taken from the car, and here in controversy, were new brasses.

Appellant's evidence went to show that the brasses taken by the various railroad companies had their respective stamps or marks thereupon. But there is ample evidence from which it may be found that such brasses might well, in the usual course of business, properly come into the hands of dealers in such material. It is unnecessary to review in detail this testimony. Suffice it to say that plaintiffs' evidence made a

prima-facie showing in its favor on this issue, and the question became one for the consideration of the jury, whose verdict concludes the matter here.

It is argued, however, that the court erred in sustaining the demurrer to so much of the answer as set up the ordinances above mentioned, which error it is said was repeated in the court's ruling excluding the ordinances, and again in instructing the jury relative to the burden of proof. But we regard the action of the court throughout, in respect to the defense interposed based upon the ordinances, as eminently proper. The reasons given by the learned trial judge for his ruling upon the demurrer to the answer, appearing in a memorandum filed, may appropriately be here reproduced. The court said:

"It seems to the court plain that the city cannot by ordinance in any wise change or alter the ordinary rules of evidence applicable in this court. As is stated in Dillon on Municipal Corporations, section 643:

" 'In prosecutions to enforce ordinances, the ordinary rules of evidence apply, except so far as specifically modified by statute; and it is not competent for a municipal corporation, without express authority, to make or alter the rules of evidence or of law,' citing Charleston v. Dunn, 1 McCord (S. Car.) 33, and Fitch v. Pinckard, 5 Ill. 76. In Fitch v. Pinckard the court says:

" 'The Legislature alone possesses the power to make, change or alter the rules of evidence.'

"In that case it was held that a town corporation had no power to declare that a collector's deed should be evidence of a compliance with all the preliminary steps. See, also, in re Wong, 108 Cal. 680, and McQuillin on Municipal Corporations, par. 34, where he says, 'without express authority the general rules of evidence cannot be changed by a local corporation.' "

To this we may add that, in Badgley v. St. Louis, 149 Mo. 122, 50 S. W. 817, our Supreme Court held that while the Constitution conferred upon the city of St. Louis authority to adopt a charter of its own making, it was for the purpose alone of municipal government; that any charter so made and adopted was required to be "in harmony with and subject to the Constitution and laws of Missouri," and that it could not regulate the practice and procedure in State courts. [See, also, Kilroy v. St. Louis, 242 Mo. 83, 145 S. W. 769.] It is altogether clear that the city of St. Louis, as a municipality, has no authority whatsoever to establish, by ordinance, rules of evidence, or prescribe any practice or procedure in our State courts, contary to and out of harmony with the general State laws relating thereto. Nor was it material, in this action, whether plaintiffs had procured a license as junk dealers or otherwise.

Sluder v. Transit Company, 189 Mo. 107, 88 S. W. 648, cited by appellant, and cases of like character, are not here in point, for the reason that they deal with ordinances which are not out of harmony with the general laws of the State and hence not invalid on that ground.

In this connection it may be said that respondent makes the point that in any event appellant cannot justify its action in turning over the goods in question to certain railroad companies, even though the latter be shown to be the true owners thereof; that plaintiffs, as bailors, were nevertheless entitled to recover the value thereof in this action. But this question is, in any event, not a live one here. Plaintiffs acquiesced in the court's ruling on the demurrer to the answer, and the case was tried below upon the theory that title in the railroad companies mentioned, if shown, would constitute a complete defense.

Appellant also urges that error was committed by the court in giving an instruction on the credibility of

the witnesses and the weight to be given to their testimony; which instruction, among other things, told the jury that if they believed that any witness had knowingly sworn falsely to any fact or facts material to the issues in the case, they were at liberty to reject all or any portion of the testimony of such witness. In support of this assignment of error appellant relies upon Keeline v. Sealy, 257 Mo. l. c. 527, 528, 165 S. W. 1088. But that case is not here authority, for the reason that this record discloses that there was in fact a sufficient conflict in the testimony of certain witnesses to justify the giving of this instruction. This question we have recently had occasion to consider in Schuler v. Insurance Company, 191 Mo. App. 52, 176 S. W. 274, and in Price v. Hiram Lloyd Construction Co., 191 Mo. App. 395, 177 S. W. 700; and reference to those cases will make clear the ground for our ruling on the instruction now before us.

It follows that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.