**STATE of Missouri ex rel. James BURGESS (Relator) Respondent,**

v.

**William E. KEMP et al. (Respondents) Appellants.**

No. 22178.

Kansas City Court of Appeals.

Missouri.

Jan. 10, 1955.

David M. Proctor, City Counselor, T. James Conway, Jr., Asst. City Counselor, Kansas City, for appellants.

Walter A. Raymond, Charles Rubins, Kansas City, for respondent.

BROADDUS, Judge.

Relator, James Burgess, instituted this action in mandamus against the Mayor and certain officials of the City of Kansas City, Missouri. The court below entered judgment for relator upon the pleadings and the city officials have appealed.

Here is the background of the instant action. Relator, Burgess, brought suit against Kansas City, Missouri, and one John Koury for damages for personal injuries sustained when he struck his leg against a protruding angle iron located on the parkway between the sidewalk and curbing of Southwest Boulevard in said city. On June 15, 1950, he recovered a judgment against both defendants for the sum of $4,000. From that judgment the City alone appealed. Said judgment was affirmed by this court on October 1, 1951. Our opinion, Burgess v. Kansas City, is reported in 242 S.W.2d 591. On that appeal the City did not question the fact that Burgess had made a submissible case, nor did it contend that the verdict was excessive.

After our mandate went down a general execution was issued against John Koury, which was returned unsatisfied. Thereupon another general execution was issued against said Koury and Kansas City and, on the same day, garnishment was issued against certain banks in Kansas City attaching any funds which were deposited therein by the defendant City. In answer to the interrogatories which were filed all of the banks stated that they had no such funds on deposit. Whereupon Burgess (relator herein) filed supplemental interrogatories to one garnishee bank asking if it had on deposit any money or credits "arising out of the operation of the Water Department of Kansas City, Missouri, and constituting funds collected from the water users of Kansas City * * *?" The bank answered that it did have on deposit such funds. Kansas City then filed a motion to quash the garnishment. The trial court held that all money arising out of the operation of the Water Department of Kansas City and constituting funds collected from the water users of Kansas City are funds belonging to the City in its proprietary capacity and thus subject to garnishment, and entered judgment accordingly. The City appealed. We reversed that judgment and discharged the garnishee. Our opinion, Burgess v. Kansas City, is reported in 259 S.W.2d 702, 703. In the course of that opinion we stated: "It is also conceded that mandamus is *a proper procedure* to enforce a judgment against a municipality. Section 513.410 R.S.Mo.1949, V.A.M.S.;

State ex rel. Hufft v. Knight, Mo.App., 121 S.W.2d 762."

Thereafter, the instant action was instituted. The petition therein recites all of the ultimate facts. The return of the city officials admitted the allegations contained in the first six paragraphs of relator's petition, but denied the 7th (the last) that "relator is unable to obtain satisfaction of said judgment from defendant, John Koury." The return then stated "that under the provisions of Sect. 507.230, R.S. Mo.1949, [V.A.M.S.] defendant, Kansas City, Missouri, a municipal corporation, is entitled to have said judgment first enforced and collected from the said John Koury, co-defendant; that said defendant John Koury, after judgment in this cause became final as to him conveyed certain real estate belonging to him in an attempt to defraud his creditors and particularly plaintiff Burgess; that said judgment was and still is a lien upon said real estate fraudulently conveyed by said John Koury, and is subject to levy to satisfy said judgment; that said real estate is of a value, after granting exemptions to the defendant John Koury, sufficient to satisfy said judgment in full."

In line with the above allegations appellants state their contention here as follows: "The court erred in sustaining Respondent's motion for judgment on the pleadings for the reason that under Section 507.230 R.S.Mo.1949, [V.A.M.S.] plaintiff must exhaust his remedies against the primary tort fcasor before filing a mandamus suit against Kansas City."

The pertinent part of said Section 507.230 is as follows:

"1. Whenever a city of over one hundred and fifty thousand inhabitants shall be sued in any court in this state and the cause of action on account of which said city is sued shall arise from the wrongful or unauthorized acts or carelessness and negligence of any person or corporation subject to service in this state, and such wrongful or unauthorized acts or carelessness and negligence shall also make such person or corporation liable to an action by the plaintiff on the same account as such city is sued for, such city may, within fifteen days after the first day of the next term of court after the service of the writ of summons, file a motion, in writing, in said case, notifying the plaintiff therein to make such person or corporation a party defendant in said suit in accordance with the facts constituting the liability of such person or corporation, which facts said city shall set forth in said notice, and shall verify the same by affidavit.

"2. The plaintiff in said suit shall then proceed to join such person or corporation as a party defendant in said suit, in accordance with the facts set forth in said notice, and such suit shall not be prosecuted against said city until such person or corporation is made a codefendant with said city; * * *."

It is to be noted that the above statute does not say that plaintiff must exhaust his remedies against the primary tort-feasor before he may proceed to collect the judgment from the city.

Our Supreme Court in the case of Gerber v. Kansas City, 311 Mo. 49, 277 S.W. 562, 564, had occasion to consider the above statute. There plaintiff sued the Boyle Construction Company and its sureties and Kansas City. Plaintiff, a minor, was injured by the explosion of a fuse with an explosive cap which he picked up in the street. At the first trial plaintiff obtained a judgment against defendants Boyle Construction Company and its sureties but the verdict was for Kansas City. On appeals by the parties the case was affirmed as to the judgment against Boyle Construction Company and its sureties but reversed and remanded for another trial against defendant, Kansas City. Plaintiff obtained a verdict and judgment against Kansas City on the retrial which was appealed. Kansas City there contended that the reversal of the judgment against Kansas City only on the prior appeal deprived said city of rights

under this statute and resulted in the entry of two final judgments in violation of the statute providing for only one final judgment. In overruling such contention and affirming the judgment for plaintiff the court said:

"The pleadings and the evidence disclose that appellant and its codefendant, Boyle Construction Company, were joint tortfeasors; they were therefore jointly and severally liable for the injury suffered by plaintiff. In those circumstances plaintiff, at common law, could sue them jointly (as he did), or sue either or sue both separately. *If he obtained judgment against both in a suit against both,* or if he obtained judgment against each in separate suits, *he could enforce satisfaction from either as he might elect,* being entitled, however, to but one satisfaction. *These principles of the common law still obtain except as modified by section 8949* R.S.1919." (Now Section 507.230 RSMo 1949.) (Italics ours.)

After quoting the above statute, the court further said:

"In this case plaintiff did not wait for service of the notice provided by the statute, but made the Boyle Construction Company a party defendant in the first instance. The statute is applicable notwithstanding. Kilroy v. St. Louis, 242 Mo. 79, 84, 145 S.W. 769. It will be observed, however, that it does not effect a limitation in any respect upon liability as it exists at common law; nor does it create new liability. *Its only requirement is that the party whose act gives rise to a cause of action against the city,* if also liable, *shall be made a party defendant;* it does not make the obtention of a judgment against the city in any way dependent upon the rendition of a like judgment, or of any judgment, against its codefendant. *When the plaintiff has in good faith brought into court as a party defendant the person whose wrong gave rise to the cause of action against the city, the statute has been fully complied with so far as his rights are affected thereby.* Kilroy v. St. Louis, supra; Wiggin v. St. Louis, 135 Mo. 558, 37 S.W. 528; Kansas City v. Mullins, 200 Mo.App. 639, 209 S.W. 558; Hutchinson v. Mullins, 189 Mo.App. 438, 176 S.W. 1083; Kansas City v. Mitchener, 85 Mo.App. 36." (Italics ours.)

The language of Section 507.230 is clear and unambiguous. We have no right to change the meaning of a plain statute. The Legislature has shown that where it intended to require a plaintiff to first exhaust his remedy against the other party before proceeding to collect from the defendant city it knew how to express such intention in plain language. See Section 73.940 applicable to Cities of the First Class and Section 75.850, applicable to Cities of the Second Class. Both of these sections contain this language: "When a judgment shall be obtained against the city and the other party liable, as aforesaid, execution shall issue against all the defendants in the ordinary form, but shall be first enforced and collected by the other defendants, and shall not be collected of the city, unless the other defendants are so insolvent that the same cannot be made out of them * *." Section 507.230 contains no such provision. Thus relator could enforce satisfaction from either Koury or Kansas City "as *he might elect,* being entitled, however, to but one satisfaction."

The judgment is affirmed.

All concur.